RADER, Circuit Judge.
 

 Dr. Lyle H. Prenzler appeals from the August 2, 1990 Order of the Court of Veterans Appeals (Veterans Court). The Veterans Court dismissed his appeal because Mr. Prenzler filed his Notice of Disagreement (NOD) before the court’s inception. This court affirms.
 

 BACKGROUND
 

 Dr. Prenzler claimed service-connected pension benefits for his physical disabilities. In June 1983, the Board of Veterans’ Appeals (Board) denied his application. In December 1985, Dr. Prenzler petitioned to have his claim reopened. A Veterans Administration (VA) rating board upheld the denial because Dr. Prenzler’s disabilities did not permanently prevent him from working. Dr. Prenzler commenced proceedings for appeal to the Board by filing an NOD on December 30, 1985. On October 30, 1986, the Board upheld the VA’s determination.
 

 Upon reaching age 65, Dr. Prenzler received a disability pension award. 38 U.S.C. § 502(a) (1976). Two years later, on January 5, 1990, the VA informed Dr. Prenzler of a reduction in his pension relative to his annual income. On February 6, 1990, Dr. Prenzler again petitioned the VA to reopen his claim.
 

 On April 12, 1990, Dr. Prenzler filed a notice of appeal with the Court of Veterans Appeals. Dr. Prenzler purported to appeal the “February 5, 1990 Board determination.” Therefore, he referred to filing of the requisite NOD on February 6, 1990. Dr. Prenzler apparently mistook the January 5, 1990 VA notification of benefit reduction for a Board decision.
 

 The Veterans Court asked Dr. Prenzler for the correct filing date of his NOD. Upon examination, the court found that Dr. Prenzler had last filed a valid NOD from a Board decision on December 30, 1985. The Government filed a motion to dismiss for lack of jurisdiction. The Veterans Court granted the Government’s motion.
 

 DISCUSSION
 

 The Veteran’s Judicial Review Act of 1988 (Act), 38 U.S.C. § 4051 (West Supp.1989), sets forth standards for this court’s review of judgments of the Veterans Court. 38 U.S.C. § 4092(d)(1). According to the first sentence of § 4092(d)(1), this court may review the Veterans Court’s legal determinations under a
 
 de novo
 
 standard. The second sentence of § 4092(d)(1) authorizes this court to set aside any regulations or regulatory interpretations of the Veterans Court which are unconstitutional, violative of statute, procedurally defective, or otherwise arbitrary. However, this court may not review challenges to factual findings nor may it review “a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 4092(d)(2);
 
 see Machado v. Derwinski,
 
 928 F.2d 389, 391 (Fed.Cir.1991).
 

 By its terms, the Act applies only to cases where the party files an NOD on or after November 18,1988. 38 U.S.C. § 4051 note. The note following section 4051 of the Act reads:
 

 [The Act] shall apply with respect to any case in which a notice of disagreement is filed under section 4005 of title 38, United States Code, on or after the date of
 
 *394
 
 the enactment of this Act [November 18, 1988].
 

 Congress set this cutoff date to allow the new court to begin functioning with a manageable number of cases.
 
 See, e.g.,
 
 134 Cong.Rec. S16650 (daily ed. Oct. 18, 1988) (statement of Sen. Cranston). Congress enacted this limitation to protect the new court from a flood of stale Board appeals. The appellant bears the burden to show that it filed an NOD on or after November 18, 1988.
 

 In order to avoid the November 18, 1988 deadline, Dr. Prenzler argues that his February 6, 1990 letter operated as an NOD. Promulgated under the authority of 38 U.S.C. § 4005, 38 C.F.R. § 19.118 states the requirements for a valid NOD:
 

 A written communication from a claimant or the representative expressing dissatisfaction or disagreement with an adjudicative determination of an agency of original jurisdiction (the Veterans Administration regional office, medical center or clinic which notified the claimant of the action taken) will constitute a Notice of Disagreement.
 

 The “agency of original jurisdiction” is the VA agency which adjudicated the claim before an appeal to the Board. In other words, the “agency of original jurisdiction” is the agency which denied the original claim.
 
 See Machado,
 
 at 392.
 

 In this case, the VA regional office in Los Angeles denied Dr. Prenzler’s original claim. Dr. Prenzler’s February 6, 1990 letter was not an NOD because it does not address the denial by the Los Angeles Regional Office of his 1985 disability determination. The February 6 letter did not contest the VA’s January 5, 1990 benefits reduction. Rather, Dr. Prenzler’s letter contended that the VA had not fully considered evidence concerning the merits of his .1985 disability claim. The Board had finally adjudicated the merits, of Dr. Prenz-ler’s disability claim in 1986.
 

 Furthermore, the Veterans Court has held:
 

 [TJhere can only be one effective NOD with respect to each adjudicative determination of an agency of original jurisdiction and that must, of necessity, be the first document filed which meets the requirements of the Regulation.
 

 Whitt v. Derwinski,
 
 U.S.Vet.App. Nos. 90-122, 90-38, 89-151, 89-16, slip op. at 9,1990 WL 151821 (Oct. 12, 1990). Dr. Prenzler’s December 30, 1985 NOD addressed the rating board’s denial of his disability benefits petition. Therefore, his February 6, 1990 letter cannot qualify as an effective NOD. The February 6, 1990 letter did not “express[ ] dissatisfaction or disagreement” with the Los Angeles Regional Office’s pension award reduction. Therefore, it was not a valid NOD under 38 C.F.R. § 19.118. Dr. Prenzler’s only outstanding NOD is the one filed December 30, 1985.
 

 CONCLUSION
 

 Because the Court of Veterans Appeals cannot entertain cases with NODs filed before November 18, 1988, it correctly dismissed Mr. Prenzler’s appeal. The Veterans Court’s order is
 

 AFFIRMED.