954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugene SOLIZ, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 91-7076.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1992.
 
 Before PLAGER, LOURIE and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The order of the Court of Veterans Appeals, No. 90-1229 (April 11, 1991), dismissing for lack of jurisdiction is affirmed.
 
 
 2
 The Los Angeles Regional Office of the Veterans Administration denied Eugene Soliz' claim for service-connected benefits for a hernia on July 31, 1985. On August 14, 1985, Soliz filed a Notice of Disagreement (NOD) with the regional office contesting its adjudication of his hernia-related claim. The August 14, 1985 NOD also raised an additional claim for service-connected benefits due to frostbite on Soliz' hands and legs. On October 21, 1985, the regional office denied Soliz' claim for service-connected benefits for frostbite. On November 15, 1985, Soliz submitted a second NOD with respect to the October 21 adjudication of his frostbite claim. On June 21, 1990, the Board of Veterans Appeals determined that neither the hernia nor the frostbite was incurred in or aggravated by Soliz' active military service and denied service-connected benefits. Both of the issues as to which Soliz had filed a NOD were thus resolved against him.
 
 
 3
 Soliz appealed the Board's decision to the Court of Veterans Appeals. His notice of appeal did not show the date he filed his NOD (or NODs). Because the Court of Veterans Appeals lacks jurisdiction to hear cases in which NODs were filed before November 18, 1988, Prenzler v. Derwinski, 928 F.2d 392 (Fed.Cir.1991), it ordered the Secretary of Veterans Affairs to submit the date of all NODs filed by Soliz. No record of any NOD filed after November 18, 1988 was provided. Soliz, however, contended that a document he filed dated April 25, 1989 constituted a post-November 18, 1988 NOD. That document referred only to the file concerning the two previous NODs. It did not raise any other issue as to which an adjudication had been made and no NOD had been filed. The Court of Veterans Appeals therefore dismissed Soliz' appeal for lack of statutory jurisdiction.
 
 
 4
 In this case, Soliz filed two NODs regarding two separate adjudications adverse to his service-connected benefit claims. The NODs with regard to those two claims were filed before November 18, 1988. The Court of Veterans Appeals thus had no power to hear the appeal on those two claims. Since no other adjudication adverse to Soliz was shown, there was no decision, other than the previous two adjudications, for which the April 25, 1989 document could be considered a NOD. The Court of Veterans Appeals was therefore correct in determining that the April 25, 1989 document is not a post-November 18, 1988 NOD for the purpose of satisfying the Court of Veterans Appeals' jurisdictional requirements.