PLAGER, Circuit Judge.
 

 Richard M. Strott (Petitioner) appeals from the January 10, 1991 Order of the Court of Veterans Appeals (Veterans Court) 1 Vet.App. 114. The Veterans Court dismissed Petitioner’s appeal because a valid Notice of Disagreement (NOD) had not been filed after November 18,1988, the threshold date for jurisdiction. This court affirms.
 

 BACKGROUND
 

 Petitioner served in the United States Army on active duty from July 1959 to July 1962 and from September 1963 to February 1978. On February 6, 1985, he filed a claim for disability benefits for paranoid schizophrenia, which he alleged was service-related. The tortuous Veterans Administration (VA) procedures which petitioner then encountered do not do credit to a government agency whose mission it is to protect the interests of veterans. Regrettably, that is not a ground upon which recovery can be premised.
 

 Petitioner’s initial claim was rejected in a rating action of September 26, 1985. Petitioner’s representative promptly filed a NOD on October 18, 1985. Further negative rating actions ensued on December 3, 1985 and December 30, 1985. A Statement of the Case was prepared on June 2, 1986, and was sent to petitioner. On July 14, 1986, his representative (petitioner’s father) filed a Form 1-9 to perfect his appeal. Yet another rating action occurred on January 27, 1987, and a Supplemental Statement of the Case was then issued.
 

 Meanwhile, the Veterans Administration persisted in classifying petitioner as compe
 
 *1126
 
 tent despite the fact that the State of Pennsylvania had adjudged him incompetent and had appointed his father as his legal representative. Confusion within the VA resulted in further delay of petitioner’s appeal— on July 11, 1988, the Board belatedly sent the case back to the Regional Office for “additional development” on the related issues of petitioner’s competency and the proper identity of petitioner’s representative. The Board opined that if petitioner was indeed sane for VA purposes, then he should have signed the forms himself, and his only authorized representative would be the Disabled American Veterans organization.
 

 The Regional Office pondered these instructions, and finally sent a letter to petitioner on January 30, 1989. However, that letter apparently caused some confusion with petitioner’s lawyer — he promptly responded and enclosed a second Form 1-9 signed by the father. On February 24, 1989, the Regional Office wrote to clarify that the Form 1-9 must be signed by the petitioner himself, regardless of the State of Pennsylvania’s opinion of his mental condition. On February 28, 1989, the third Form 1-9 was submitted, this time bearing petitioner’s own signature, which the VA found to be acceptable. At that point, the appeal which had been initiated almost three and one half years earlier was finally perfected to the satisfaction of the VA.
 

 Petitioner’s third 1-9 Form indicated a desire for a personal hearing at the Regional Office, and accordingly a hearing was held on June 5, 1989. This procedure resulted in yet another denial of benefits, dated July 17, 1989. The Board of Veterans Appeals in Washington did not issue its opinion until April 4, 1990; that opinion recounted the evidence in the case and rehashed the record from the June 5, 1989 personal hearing. When petitioner sought to appeal this decision to the Veterans Court, his appeal was dismissed for lack of jurisdiction. Petitioner now appeals that decision of the Veterans Court.
 

 DISCUSSION
 

 I.
 

 The Veteran’s Judicial Review Act of 1988 (Act), 38 U.S.C. §§ 7251
 
 et seq.
 
 (West 1991)
 
 [1]
 
 , defines the limits of our appellate role in reviewing judgments of the Veterans Court. Pursuant to 38 U.S.C. § 7292(d)(1), we review to the extent presented and necessary to a decision “the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or regulation,”
 
 Livingston v. Derwinski,
 
 959 F.2d 224, 225 (Fed.Cir.1992), under a
 
 de novo
 
 standard.
 
 Prenzler v. Derwinski,
 
 928 F.2d 392, 393 (Fed.Cir.1991). Further, we may set aside any regulations or regulatory interpretations which are procedurally defective or otherwise arbitrary.
 
 Id.
 
 Since disposition of the appeal turns on interpretation of statutory and regulatory provisions, we accordingly exercise jurisdiction in this case.
 

 Congress created the Veterans Court in part to provide judicial review of veteran’s benefits decisions. Prior to the Act, there existed a statutory bar to such judicial review. 38 U.S.C. § 211(a) (1988)
 
 [2]
 
 ;
 
 Whitt v. Derwinski,
 
 1 Vet.App. 40, 41 (Court of Veteran’s Appeals 1990). However, Congress chose to limit the jurisdiction of the Veterans Court to cases in which a NOD had been filed on or after November 18, 1988. 38 U.S.C. § 7251 Note.
 
 See Prenzler v. Derwinski,
 
 928 F.2d at 393-94. In so doing, Congress implicitly adopted the definition of a NOD already in place in 38 U.S.C. § 4005 (1988 & Supp.1989)
 
 [3]
 
 and 38 C.F.R. § 19.118 (1991).
 
 Whitt v. Derwinski,
 
 1 Vet.App. at 42. The regulations define a NOD as follows:
 

 A written communication from a claimant or the representative expressing dis
 
 *1127
 
 satisfaction or disagreement with
 
 an adjudicative determination
 
 of an
 
 agency of original jurisdiction
 
 (the Department of Veteran Affairs Regional Office, medical center, or clinic which notified the claimant of the action taken) will constitute a Notice of Disagreement....
 

 38 C.F.R. § 19.118 (emphasis added). This court has further clarified that “[t]he agency of original jurisdiction is the VA agency which adjudicated the claim
 
 before an appeal to the Board.
 
 In other words, the agency of original jurisdiction is the agency which denied the original claim.”
 
 Prezler v. Derwinski,
 
 928 F.2d at 394 (emphasis added).
 

 If the NOD of October 18, 1985 is the most current NOD in petitioner’s file, then the Veterans Court clearly was correct in deciding that it did not have jurisdiction to hear petitioner’s appeal. The petitioner argued that the October 18, 1985 NOD could not be a valid NOD since it had been signed by the petitioner’s father, and that the third Form 1-9 must be the NOD because it is the first document of record actually signed by the petitioner himself. Petitioner’s argument was to be expected, given the VA’s own protracted confusion on the issue of valid signatures. However, the Veterans Court correctly noted that a NOD need not be submitted by the petitioner himself, and that an effective NOD was the necessary predicate for the Statement of the Case, which issued on June 6, 1986.
 

 Petitioner further argued before the Veterans Court that the third Form 1-9 (February 28, 1989) could also serve as a jurisdiction-creating NOD. The Veterans Court correctly rejected this contention; • assuming
 
 arguendo
 
 that a Form 1-9 could so serve, in this case it would not qualify as a valid NOD because it had not been filed within 1 year of the last adjudicative determination of record (January 27, 1987): And, since a NOD must be filed within one year from the date of mailing of notification of the initial review and determination, 38 C.F.R. § 19.129(a), no jurisdiction-creating NOD could possibly exist (i.e. the latest date of a valid NOD would be January 27, 1988 — nearly ten months before the statutory date of November 18, 1988).
 

 II.
 

 During oral argument, petitioner sought to introduce a letter dated September 7, 1989. Although petitioner improperly sought to present this court with evidence which was not in the record before the Veteran’s Court, Fed.R.App.P. 16, we have considered the letter for the limited purpose of determining whether the Veteran’s Court order should be vacated and the case remanded for further development of the record. That letter expressed disagreement with the June 5, 1989 hearing held in the Regional Office. If such a hearing and the subsequent decision of July 17, 1989 qualify as an “adjudicative determination of an agency of original jurisdiction,” then it would be a jurisdiction-creating NOD. However, we hold that the June 5, 1989 hearing is part of the appellate process and as such, could not provide grounds for a jurisdiction-creating NOD.
 

 A Veteran’s appeal
 
 [4]
 
 of a benefits determination proceeds by the following course: (1) The Veteran (or other representative, as described in 38 C.F.R. § 19.128), must file a NOD within one year of date of mailing of the unfavorable rating determination. 38 C.F.R. § 19.129(a). The Regional Board then prepares a Statement of the Case, as described in 38 C.F.R. § 19.120. The Veteran or his representative has sixty days from the date of mailing of the statement of the case or the remainder of the year dating from the mailing of notification of the unfavorable rating determination (whichever is later) to file a VA Form 1-9 to perfect the appeal. 38 C.F.R. § 19.-129(b). The text of Form 1-9 informs the Veteran that he has the “right to request a personal hearing” and that “a personal hearing is not necessary nor is a decision made at the time of a hearing.” If the Veteran desires a hearing, he turns his attention to box 9A, in which he indicates whether he wishes to be present at the hearing. If he does, he may then specify
 
 *1128
 
 the place of that hearing; “Field Office” or “Board of Veterans Appeals Washington D.C.”. It is clear from the regulations that this hearing is part of the appellate process, even when it occurs before personnel in the field office. 38 C.F.R. §§ 19.-157(b) and 19.160(c).
 

 Petitioner’s appeal thus presents this court with the following legal question: Is a Form 1-9 hearing before personnel in the field office an action from which a petitioner may file a NOD, and thus obtain jurisdiction before the Veterans Court? When the above-described appeal process is considered in light of
 
 Prenzler v. Derwinski,
 
 928 F.2d at 394, the answer is clearly negative. Since the field office is acting in an appellate role, it is no longer the “agency of original jurisdiction.” Accordingly, any written disagreement with that decision is not a valid NOD, 38 U.S.C. § 7105 and 38 C.FiR. § 19.118, and therefore cannot function as the statutory basis for Veterans Court jurisdiction. To the extent that
 
 Whitt v. Derwinski
 
 suggests otherwise, 1 Vet.App. at 47, it is overruled.
 

 CONCLUSION
 

 Because the Court of Veterans Appeals cannot entertain cases with NODs filed before November 18, 1988, it correctly dismissed Mr. Strott’s appeal. The Veterans Court order is
 

 AFFIRMED.
 

 [1]
 

 . Section 7251
 
 et seq.
 
 are redesignations of 38 U.S.C. § 4051
 
 et seq.
 
 (1988
 
 &
 
 Supp.1989). Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub.L. 102-40, 105 Stat. 187, 238-39.
 

 [2]
 

 . Repealed by Pub.L. 102-83, 105 Stat. 378;
 
 see
 
 38 U.S.C. § 511 and note thereafter.
 

 [3]
 

 . Section 4005 (1988 & Supp.1989) was amended and renumbered as 38 U.S.C. § 7105, Pub.L. 102-40, 105 Stat. 238, 239.
 

 [4]
 

 .
 
 See generally
 
 38 C.F.R. § 19.117.