**Eugene P. KING, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–353.**

United States Court of Veterans Appeals.

Sept. 18, 1992.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

### ORDER

PER CURIAM.

On May 26, 1992, the Secretary of Veterans Affairs (Secretary), pursuant to U.S. Vet.App.R. 28(h), advised the Court of a recent decision, *Strott v. Derwinski*, 964 F.2d 1124 (Fed.Cir.1992), rendered by the United States Court of Appeals for the Federal Circuit, which, in part, overruled this Court's decision in *Whitt v. Derwinski*, 1 Vet.App. 40 (1990).

In light of *Strott*, the Court, sua sponte, has redetermined whether the appellant had a jurisdiction-conferring Notice of Disagreement (NOD).

A review of the record on appeal reveals that VA Form 1–9, an "Appeal to the Board of Veteran Appeals" was filed by appellant on July 13, 1982. R. at 525. Appellant requested, in fact, on this VA Form 1–9, that a hearing be held by the Board of Veterans' Appeals (BVA). *Id.*

On September 16, 1986, a hearing was held by the Roanoke, Virginia, Veterans' Administration (now the Department of Veterans Affairs) Regional Office (RO) acting on behalf of the BVA. R. at 828.

On April 27, 1988, the RO issued a rating decision denying the appellant's claims. R. at 1068–69. The appellant filed an NOD, dated May 31, 1988, to this decision. R. at 1076. The RO issued a Deferred or Confirmed Rating Decision on July 28, 1988. R. at 1083. The appellant filed an NOD, dated December 1, 1988, which is the only NOD which arguably could confer jurisdiction.

■ This Court's jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir.1991); *Skinner v. Derwinski*, 1 Vet. App. 2 (1990). A prerequisite for the Court to have jurisdiction over an appeal is that the appellant must have filed a valid NOD on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402 (1988).

■ In *Strott*, the Court of Appeals for the Federal Circuit held that an appeal will not lie from an NOD to an adjudication made subsequent to a VA Form 1–9 hearing. It formed the issue and answered it in the following way:

Is a Form 1–9 hearing before personnel in the field office an action from which a petitioner may file a NOD, and thus obtain jurisdiction before the Veterans Court? ... Since the field office is acting in an appellate role, it is no longer the "agency of original jurisdiction." Accordingly, any written disagreement with that decision is not a valid NOD, 38 U.S.C. § 7105 and 38 C.F.R. § 19.118, and therefore cannot function as the statutory basis for Veterans Court jurisdiction. To the extent that *Whitt v. Der-*

**244**

*winski* suggests otherwise, [citation omitted], it is overruled.

*Strott,* 964 F.2d at 1128. Since the RO in its September 16, 1986, hearing was acting "in an appellate role", the July 28, 1988, adjudication arising subsequent thereto was not a decision of the agency of original jurisdiction for purposes of filing a jurisdiction-conferring NOD. Therefore, the NOD dated December 1, 1988, is not effective for our review purposes. 38 U.S.C. § 7105 (formerly § 4005).

Upon consideration of the foregoing, it is, sua sponte,

ORDERED that this appeal is dismissed for lack of jurisdiction.