**Arthur M. SANDERS, Appellant,**

**v.**

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1594.**

United States Court of Veterans Appeals.

Oct. 7, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Vietnam veteran Arthur M. Sanders, appeals from a July 30, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying increased ratings for his service-connected left-knee disability (currently rated as 30% disabling), right-knee disability (currently rated as 10% disabling), and lumbosacral strain (currently rated as 10% disabling). *Arthur M. Sanders*, BVA 91–22448 (July 30, 1991). The veteran contends that the Board's decision is erroneous because it fails to account for the fact that he is unemployable due to

his service-connected disabilities. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The decision will be affirmed in part and vacated and remanded in part.

The veteran sustained shrapnel wounds to both legs from a land-mine explosion during his service in Vietnam in 1967. R. at 1. He receives service-connected disability compensation for left- and right-knee disabilities and lumbosacral strain resulting from those in-service injuries. R. at 126. With application of the bilateral factor under 38 C.F.R. § 4.26 (1991), he has a combined service-connected disability rating of 50%. *See Sanders*, BVA 91–22448, at 7. In September 1989, he filed a claim for increased ratings for his service-connected disabilities. R. at 83. In September 1989, the veteran was examined by a Department of Veterans Affairs (VA) physician, who noted that the veteran had a history of pain and arthritis in his knees, as well as back pain. R. at 89. At a VA orthopedic examination in November 1989, the examiner noted "left knee pain" and "mild facet disease L[umbar] spine" R. at 92. In a November 1989 statement in support of his claim, the veteran asserted that he was unemployable due to his service-connected disabilities. R. at 95.

The veteran was given another VA orthopedic examination in January 1990. R. at 105–08. The veteran told the examiner that the pain in his left knee had increased since his last rating, that he had considerable low back pain, and that his right knee would occasionally throb but was not as severe as the left knee. R. at 105. The examiner noted that the veteran had numerous scars on both legs, which did not cause any limitation of motion or of use of his leg muscles. The veteran had a "definite limp on the left". R. at 106. He was able to achieve 90% of a full squat on the right knee, but only 60% on the left. The right knee exhibited a full range of exten-

sion, with slight hyperextension, and the range of flexion was 135 degrees. The left knee could be extended to the straight position, with slight hyperextension, and flexion was limited to 105 degrees. It was noted that pain limited the flexion of the left knee. R. at 107. The right knee was reported as stable, while the examiner stated that the left knee showed no anterior posterior instability and no lateral instability, but there was "slight knee instability suggesting weakness of the medial longitudinal ligaments." *Ibid.* Examination of the veteran's lumbar spine revealed a range of forward flexion of 60 degrees, backward extension of 20 degrees, lateral flexion of 25 degrees in each direction, and rotation of 25 degrees in each direction. *Ibid.* The examiner stated that the veteran's back pain and left-knee disability prevented the veteran from doing repetitive bending, lifting, or heavy work. *Ibid.* X rays taken in January 1990 revealed several small metallic foreign bodies in the soft tissue of the left and right lower legs and knees, mild post-traumatic arthritic changes of the bones at the left knee, and a normal lumbar spine. R. at 119–23.

In a February 7, 1990, decision, the VA Regional Office (RO) denied increased ratings for the service-connected conditions, denied a total disability rating based on individual unemployability due to service-connected disabilities, and ruled that the bilateral factor should not be applied to the veteran's rating, thus reducing the veteran's combined rating from 50% to 40%. R. at 124–26. In his May 1990 VA Form 1–9, Appeal to the BVA, the veteran asserted entitlement to increased ratings and to a total rating based on individual unemployability. R. at 139–40. He submitted additional evidence, including an April 1990 statement from a physician who had treated the veteran for several years, and who stated that the veteran suffered from "incapacitating pain of the back and legs", and that the veteran was "totally and permanently disabled" and unable to work. R. at 146–47. The veteran also submitted a May 1990 report of a private examination by a spinal disorder specialist. R. at 154. That examiner stated that the veteran's lumbar spine motion was limited due to low back pain and that there was no instability

of the knees but that both knees displayed crepitation and pain on movement and testing (the right knee to a lesser degree than the left). R. at 155. The examiner's impressions were "Low back pain secondary to lumbar disc disease", "Moderate post-traumatic arthritis left knee", and "Early post-traumatic arthritis right knee". R. at 156.

In its July 1991 decision, the Board stated that the veteran's left-knee disability encompassed conditions involving two muscle groups around the knee as well as the knee itself, which were properly rated as a single condition under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5257 (1991) (Knee, other impairment of). *Sanders*, BVA 91–22448, at 6; *see* 38 C.F.R. 4.14 (1991) (Board must avoid rating same disability manifestations under different diagnoses). The Board noted that the veteran suffered from pain in the left knee, but noted also that the recent examinations showed only moderate arthritis and slight instability and did not show significant atrophy or motion restriction. The Board then rejected a rating higher than the current 30% schedular rating, which comprehends "severe" subluxation or lateral instability of the knee. *Sanders*, BVA 91–22448, at 5–6; *see* 38 C.F.R. § 4.71a, DC 5257.

With regard to the right-knee disability, which is rated under 38 C.F.R. § 4.118, DC 7804 (1991) (Scars, superficial, tender and painful on objective demonstration), the Board noted that the recent examinations had revealed that the veteran's scars had no disabling effects, that the right knee was stable, and that there was some crepitation and pain but to a lesser degree than in the left knee. The Board thus denied entitlement to an increased rating. *Sanders*, BVA 91–22448, at 6.

As to the veteran's back disability, which is rated under 38 C.F.R. § 4.71a, DC 5295 (1991) (Lumbosacral strain), the Board noted that the veteran's range of back motion was limited due to pain but that the limitation of motion was no more than slight. Therefore, the Board denied entitlement to a rating higher than 10%. *Sanders*, BVA 91–22448, at 6–7. A 10% rating for lumbosacral strain is assigned when there is "characteristic pain on motion". The next

higher rating of 20% is assigned when there is "muscle spasm on extreme forward bending, loss of lateral spine motion, unilateral, in standing position".

Additionally, the Board concluded that the RO had failed to follow proper procedure under 38 C.F.R. § 3.105(e) (1991) in reducing the veteran's rating by eliminating the bilateral factor, and the Board thus ordered the veteran's combined disability rating to be restored to 50%. *Sanders*, BVA 91–22448, at 7.

■ The Board's determinations as to the veteran's levels of impairment are findings of fact, which this Court reviews under a "clearly erroneous" standard. *See* 38 U.S.C. § 7261(a)(4) (formerly § 4061). Pursuant to that standard, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [it] cannot overturn them". *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). The Court holds that because there is a plausible basis in the record for the BVA's conclusions in this case they are not subject to reversal as clearly erroneous findings of fact. Moreover, the Court concludes that the Board, in determining the level of his disabilities, adequately considered the evidence of the veteran's being disabled due to pain. *See Schafrath v. Derwinski*, 1 Vet.App. 589, 592–92 (1991) (Board required to consider functional loss due to pain under 38 C.F.R. § 4.40 (1991)). It is apparent that the presently assigned ratings take account of the impairments caused by the veteran's pain. The Board's reasons or bases for its findings and conclusions on those claims are adequate under 38 U.S.C. § 7104(d)(1) (formerly § 4004); *see Gilbert*, 1 Vet.App. at 56–57.

■ However, the Court agrees with the appellant's assertion that the Board erred in failing to address his claim that he is unemployable due to his service-connected disabilities. The Board is required to review all issues reasonably raised by the claimant. *See EF v. Derwinski*, 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991). Here, the veter-

an repeatedly asserted to the RO and the BVA a claim for a total disability rating based on individual unemployability due to service-connected disabilities. R. at 84, 95, 139–40, 151, 157. Moreover, the RO had adjudicated that claim in its February 1990 decision (R. at 124–26), and the veteran perfected his appeal to the Board from that decision by timely filing his Notice of Disagreement (NOD) (R. at 131) and his substantive appeal (R. at 139–40). *See* 38 U.S.C. § 7105(a) (formerly § 4005); *Strott v. Derwinski*, 964 F.2d 1124 (Fed.Cir.1992) (timely filing of NOD and substantive appeal places claim in appellate status). Therefore, because the veteran properly raised a claim of entitlement to a total disability rating based on individual unemployability, the Board was required to adjudicate that claim under 38 C.F.R. § 4.16(b) (1991). *See Murincsak v. Derwinski*, 2 Vet.App. 363, 366–67 (1992); *Hohol v. Derwinski*, 2 Vet.App. 169, 173 (1992); *Mingo v. Derwinski*, 2 Vet.App. 51, 53 (1992); *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991).

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the appellant has not demonstrated that the BVA committed error in denying increased disability ratings for disabilities of the left and right knees and the back, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert, supra.* The Court affirms the July 30, 1991, BVA decision insofar as it denied increased ratings for those three conditions and ordered the veteran's combined disability rating increased to 50%. However, the Court vacates the Board's decision insofar as it failed to decide the veteran's individual unemployability claim, and remands the matter to the Board for prompt adjudication of that claim and issuance of a new decision fully supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1) (formerly

§ 4004); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). On remand, the veteran will be free to submit additional evidence and argument. *See Quarles v. Derwinski*, 3 Vet.App. 129, 140–41 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of such new final Board decision is mailed to the appellant.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.