**David HUDSON, Jr., Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–96.**

United States Court of Veterans Appeals.

Nov. 16, 1992.

Rick Surratt, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Adrienne Koerber, were on the brief, for appellee.

Before KRAMER, MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellant, David Hudson, Jr., appeals from an October 25, 1990, Board of Veterans' Appeals (BVA) decision, which denied an increased rating for post-traumatic stress disorder (PTSD) and denied entitlement to a temporary total disability rating based upon hospitalization in 1983 and 1984. In light of *Strott v. Derwinski*, 964 F.2d 1124 (Fed.Cir.1992), the Court finds appellant did not have a jurisdiction-conferring Notice of Disagreement (NOD). Thus, the Court dismisses this appeal for lack of jurisdiction.

In 1983, appellant brought a claim for entitlement to service connection for PTSD. This claim was twice denied by the Department of Veterans Affairs (formerly Veterans' Administration) (VA) Regional Office (RO). On March 9, 1987, the BVA remanded the case to the RO to conduct psychiatric examinations. Upon consideration of the examinations, the RO granted service connection for PTSD, evaluated at 30% disabling, effective September 25, 1983. Appellant filed an NOD, dated October 29, 1987, to this decision.

On March 23, 1987, appellant filed a claim for a temporary total rating, for com-

pensation purposes, due to hospitalization from November 1983 to November 1984. This claim was denied by the RO, and appellant filed an NOD to this decision on November 16, 1987. A Statement of the Case was issued for both the PTSD claim and the claim for temporary total rating. Appellant filed a Substantive Appeal (VA Form 1–9) and requested a hearing.

On October 11, 1988, a hearing was held by the RO in San Francisco, California. The hearing officer ordered a psychiatric examination and psychological testing, which were conducted in 1989 and 1990. The hearing officer's decision, issued in February 1990, denied a temporary total rating, but determined that appellant was entitled to a 50% disability rating for PTSD, based on a change in rating criteria. The RO rating decision of March 20, 1990, effected the hearing officer's decision. On May 15, 1990, appellant filed an NOD as to the March 20, 1990, decision. The BVA upheld the RO decision. *David Hudson, Jr.*, BVA 90–35713 (October 25, 1990).

 For the Court to have jurisdiction over this appeal, appellant must have filed a valid NOD, on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988). An NOD is a "written communication from a claimant or the representative expressing disagreement with an adjudicative determination of an agency of original jurisdiction." 38 C.F.R. § 19.118 (1991). In *Strott*, the Court of Appeals for the Federal Circuit held that an NOD, filed after an RO adjudication made subsequent to a VA Form 1–9 hearing, was not a valid NOD. *Strott*, 964 F.2d at 1128; *King v. Derwinski*, 3 Vet.App. 242 (per curiam order, 1992). It found that since the RO in its hearing was acting "in an appellate role," the adjudication arising thereto was not a decision of the agency of original jurisdiction for purposes of filing a jurisdiction-conferring NOD. *Strott*, 964 F.2d at 1128.

In this case, the only NOD which arguably could confer jurisdiction, is the NOD dated May 15, 1990, which was filed in response to the RO decision of March 20, 1990. Following *Strott*, the NOD was not filed with an agency of original jurisdiction, and thus is not effective for the Court's review purposes. 38 U.S.C. § 7105 (formerly § 4005).

Accordingly, the appeal is dismissed for lack of jurisdiction.