**Vernon N. KINCH, Appellant,**

· v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1890.**

United States Court of Veterans Appeals.

Dec. 22, 1992.

Before STEINBERG, Associate Judge.

**ORDER**

On October 28, 1991, appellant filed a Notice of Appeal (NOA) from two separate decisions of the Board of Veterans' Appeals (BVA or Board), both dated July 2, 1991. On November 20, 1991, he filed a supplemental NOA. Appellant did not indicate in either document when the Notice(s) of Disagreement (NOD) had been filed with respect to the appealed claims. A review of the record on appeal (ROA) in this case shows that the original rating decision on

the issue of an increased disability rating for an eye condition (conjunctivitis) was issued on July 19, 1988. R. at 472. While the actual NOD is not in the ROA, the Statement of the Case identified the filing date of the NOD as August 25, 1988, R. at 475. A Veterans' Administration (now Department of Veterans Affairs) (VA) Form 1–9 (Appeal to the BVA) was filed on December 27, 1988, and a personal hearing was held at the VA Regional Office (RO) on August 31, 1989. R. at 477, 479.

The hearing officer issued a decision in December 1989. R. at 498. An RO rating decision of January 5, 1990, effectuated the hearing officer's unfavorable decision, and noted that appellant had placed two additional issues into contention during the hearing, decreased visual acuity and decreased extraocular movements of the eyes. R. at 499. In its January 5, 1990, decision, the RO adjudicated those two issues for the first time, denying service connection for both. On January 30, 1990, appellant submitted to the RO a VA Form 1–9 expressing disagreement with the denial of an increased rating for an eye disability (R. at 501), and a Statement in Support of Claim stating: "I wish to advise the VA that I [d]isagree with their decision denying me Service Connection for my eye condition. Please furnish me with a Statement of Case, as soon as possible." R. at 502.

On June 2, 1991, the BVA issued two decisions, one of which denied an increased rating for appellant's service-connected conjunctivitis, and the other of which denied service connection for diminished visual acuity and decreased extraocular movements of both eyes. Appellant, in his October 28, 1992, NOA, appealed both BVA decisions.

In order for this Court to have jurisdiction over an appeal of an adverse BVA decision, an appellant must have filed with the VA a valid NOD on or after November 18, 1988. Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988). In *Strott v. Derwinski,* 964 F.2d 1124 (Fed.Cir.1992), the

Court of Appeals for the Federal Circuit overruled in part this Court's decision in *Whitt v. Derwinski,* 1 Vet.App. 40 (1990), and held that a written expression of disagreement filed after an RO hearing was not a valid NOD with respect to a claim where an NOD and a Form 1–9 had previously been filed with respect to that claim. *Strott,* 924 F.2d at 1127–28; *see also Hudson v. Principi,* 3 Vet.App. 467 (U.S.Vet. App.1992) (written disagreement with RO adjudication after a Form 1–9 hearing was not a valid NOD, even though RO had granted some of the benefits sought (increase from 30% to 50% in service-connected-disability rating)); *King v. Derwinski,* 3 Vet.App. 242 (U.S.Vet.App.1992) (per curiam order) (written disagreement with RO adjudication of claim is not a valid NOD even when that adjudication occurred four years after the Form 1–9 hearing).

On October 7, 1992, the Court issued an order consolidating the cases of *Hamilton v. Principi,* No. 90–470, *Contreras v. Principi,* No. 91–990, and *Powell v. Principi,* No. 91–998, for disposition by the Court, sitting en banc, of the issue whether, in light of the decision of the Court of Appeals for the Federal Circuit in *Strott, supra,* a valid NOD was filed in each case on or after November 18, 1988. In *Contreras,* the claimant had in 1987 filed an NOD with respect to a claim for service connection for a right-knee disability, and, when the claimant there appealed that claim to the BVA, the BVA, in a May 1989 decision, remanded an additional claim to the RO for initial adjudication. That case is pending before the Court en banc for a determination as to whether a written expression of disagreement with an RO decision after the 1989 BVA remand is a valid NOD as to one or both of the claims. Because the disposition of the consolidated cases may have a direct bearing on the disposition of the instant case, and in the interest of judicial economy, it is

ORDERED, sua sponte, that all further proceedings in this appeal are stayed pending a decision in *Hamilton.*