**Juana F. BALANCIO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–2023.**

United States Court of Veterans Appeals.

May 27, 1993.

**176**

Juana F. Balancio, pro se.

No appearance was entered on behalf of appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellant appeals the purported final decision of the Board of Veterans' Appeals (Board or BVA) dated May 8, 1991, in which the BVA declined to decide whether to reinstate previously forfeited benefits. Appellant filed a Notice of Appeal with the Court on November 11, 1991.

On May 13, 1992, the United States Court of Appeals for the Federal Circuit issued a decision, *Strott v. Derwinski*, 964 F.2d 1124 (Fed.Cir.1992), which, in part, overruled this Court's decision in *Whitt v. Derwinski*, 1 Vet.App. 40 (1990), and which left unanswered certain issues concerning the jurisdictional Notice of Disagreement (NOD) requirements of 38 U.S.C.A. § 7105 (West 1991). On October 7, 1992, this Court issued an order consolidating the cases of *Hamilton v. Derwinski*, U.S. Vet. App. No. 90–470, *Contreras v. Derwinski*, U.S. Vet.App. No. 91–990, and *Powell v. Derwinski*, U.S. Vet.App. No. 91–998 [hereinafter "the consolidated cases"], for disposition by the Court, sitting en banc, of the issue of whether, in each case, a valid NOD was filed on or after November 18, 1988, pursuant to 38 U.S.C.A. § 7105 (West 1991). Because this Court, sua sponte, determined that similar NOD-related issues are present in this appeal, the Court, by order dated November 20, 1992, stayed further proceedings pending a decision in the consolidated cases. On April 15, 1993, this Court issued a decision in the consolidated cases. *Hamilton v. Brown*, 4 Vet.App. 528 (1993).

Appellant is the widow of the veteran, Damaso (Danny) Balancio. The veteran had been in receipt of a Veterans' Administration (now Department of Veterans Affairs) (VA) pension effective January 1, 1979. On October 23, 1986, the VA issued a "forfeiture decision" which terminated benefits on the grounds that the veteran defrauded the VA by knowingly providing false information in connection with his claim. On August 26, 1988, the veteran filed a letter which he styled a "notice of disagreement or motion to reopen" his case. On September 16, 1988, the VA responded with a letter advising the veteran that its prior decision was final because he failed to perfect his appeal within one year, and that the evidence he submitted with his letter was not new and material. In October 14, 1988, the veteran submitted an NOD, along with additional evidentiary materials. In April 1989, the VA issued a letter and a Statement of the Case (SOC), which stated that the veteran's October 1988 NOD "initiates appellate review of your case." The SOC concluded that evidence submitted by the veteran in August and October 1988 did not refute the preponderance of evidence weighing against the claim. In May 1989, the veteran wrote a letter to the VA, advising that he had received the SOC and stating, "In this connection I hereby move that a HEARING be conducted in your office, preparatory to the Board's final decision." (Emphasis in original). The veteran's appeal to the BVA was pending at the time of his death on January 6, 1990.

In December 1990, appellant wrote to the Manila, Philippines Regional Office (RO) to inquire about the status of her husband's case. In January 1991, the RO informed her that "[t]he BVA did not make a decision in your husband's case because of his death." Appellant filed a Notice of Appeal (NOA) with this Court on November 21, 1991, which reflected that a final BVA decision was mailed to her on May 8, 1991, and in which she requested a waiver of the 120–day jurisdictional time limit set by 38 U.S.C.A. § 7266(a) (West 1991). On December 27, 1991, appellant filed a supplemental NOA in which she asserted that the NOD which led to the May 1991 BVA decision was filed on August 26, 1988.

 This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir.1991); *Skinner v. Derwinski*, 1 Vet. App. 2 (1990). In order for the Court to have jurisdiction over an appeal, an appellant must file a valid NOD on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)); *see also Hamilton*, 4 Vet.App. at 534. An NOD is defined by VA regulations as "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction [AOJ] and a desire to contest the result." 38 C.F.R. § 20.201 (1992).

 In this case, the veteran's August and October 1988 letters predate the cutoff date for jurisdictionally valid NODs. Although the veteran's letter of May 1989 meets the filing date requirement, it is not a valid NOD. In *Hamilton*, this Court held that "[t]here can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton*, 4 Vet.App. at 536.

Because appellant has failed to file a valid NOD, we dismiss for lack of jurisdiction. Therefore, the Court will not consider appellant's motion for payment of pension, filed on July 2, 1992, and her supplemental motion for payment of pension, filed on October 5, 1992. As a consequence, it is not necessary at this time to determine whether a final BVA decision was issued in this case (38 U.S.C.A. § 7252(a) (West 1991)) or whether appellant filed an NOA with the Court within the 120–day jurisdictional period required by 38 U.S.C.A. § 7266(a) (West 1991). Accordingly, the appeal is dismissed.