**John E. BURKE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–847.**

United States Court of Veterans Appeals.

Argued July 1, 1992.

Decided June 2, 1993.

Keith D. Snyder, Washington, DC, for appellant.

Pamela L. Wood, Deputy Asst. Gen. Counsel, with whom James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, and Arthur L. Kraut, Washington, DC, were on the brief, for appellee.

Before KRAMER, MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellant appeals the March 14, 1991, decision of the Board of Veterans' Appeals (Board or BVA) which denied service connection for residuals of radiation exposure, including skin cancer, and denied service connection for three other disorders.

On May 13, 1992, the United States Court of Appeals for the Federal Circuit issued a decision, *Strott v. Derwinski*, 964 F.2d 1124 (Fed.Cir.1992), which, in part, overruled this Court's decision in *Whitt v. Derwinski*, 1 Vet.App. 40 (1990), and which left unanswered certain issues concerning the jurisdictional Notice of Disagreement (NOD) requirements of 38 U.S.C.A. § 7105 (West 1991). On June 30, 1992, the Secretary of Veterans Affairs (Secretary) sub-mitted a citation of supplemental authority pursuant to Rule 10 of this Court's Rules of Practice and Procedure, suggesting that the Court lacks subject matter jurisdiction to decide this case in view of the Federal Circuit's decision in *Strott*. At oral argument on July 1, 1992, the parties were ordered to submit supplemental memoranda addressing the applicability of the *Strott* decision to this case. Additionally, the Secretary was permitted to file a supplemental record including a purported NOD dated November 6, 1990.

On October 7, 1992, this Court issued an order consolidating the cases of *Hamilton v. Derwinski*, No. 90–470, *Contreras v. Derwinski*, No. 91–990, and *Powell v. Derwinski*, No. 91–998 [hereinafter "the consolidated cases"], for disposition by the Court, sitting en banc, of the issue of whether, in each case, a valid NOD was filed on or after November 18, 1988, pursuant to 38 U.S.C.A. § 7105. Because this Court determined that similar NOD-related issues are present in this appeal, the Court, by order dated December 2, 1992, stayed further proceedings pending a decision in the consolidated cases. On April 15, 1993, this Court issued a decision in the consolidated cases. *Hamilton v. Brown*, 4 Vet. App. 528 (1993).

Appellant served in the U.S. Navy from July 1945 to October 1947, and from September 1950 to September 1951. R. at 4. From August 1946 through February 1947, appellant served aboard the ship U.S.S. Bowditch which, two months earlier, had been stationed 155 miles Southeast of Bikini Island during the Operation Crossroads nuclear tests. Although appellant did not participate in the tests, the Bowditch was considered to be "radiologically suspect" due to contamination with radioactive residues from the nuclear explosions. R. at 18. Appellant was diagnosed with skin cancer in 1971. R. at 7.

On October 24, 1983, the BVA first denied appellant's claims for skin cancer along with a variety of other disabilities on the grounds that exposure to ionizing radiation during service could not have exceed-

ed limits set by the National Occupational Radiation Exposure Standard. R. at 14. In 1985, after the promulgation of 38 C.F.R. § 3.311b (1992) (setting standards for adjudication of claims for certain diseases based on exposure to ionizing radiation), the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) invited appellant to submit a claim for reconsideration. R. at 31. On November 4, 1987, the RO denied appellant's claim, finding "no reasonable probability [that] basal cell carcinoma of the skin resulted from radiation exposure in service." R. at 26. Appellant submitted an NOD on November 16, 1987. A Statement of the Case (SOC) was issued on February 12, 1988. R. at 30, 32. In January 1990, the BVA remanded the case to the RO to identify the disorders for which the veteran sought service connection and the bases for his claims, and to assist appellant in the development of his claim by locating his original claims file. The Board further provided that if the claim remained denied after the RO action on remand, "a[n] [SOC] should be issued and the veteran and his representative afforded an opportunity for response. Thereafter, the case should be returned to the Board for further consideration." R. at 35–37. Following additional development and submission of additional evidence, a confirmed rating decision was issued on August 1, 1990, which denied appellant's claim. R. at 117–18. An SOC was issued on the same date. R. at 119. In August 1990, appellant submitted a VA Form 1–9 appeal to the BVA, along with additional evidence. R. at 123. A rating decision confirming the prior denial and a supplemental SOC was issued in October 1990. R. at 140–43, 144. Appellant responded by correspondence to the RO dated November 6, 1990. The veteran's claim for service connection for residuals of radiation exposure, including skin cancer, was denied by the Board in its March 14, 1991, decision. A timely Notice of Appeal to this Court was filed on May 17, 1991.

■ This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir.1991); *Skinner v. Derwinski*, 1 Vet. App. 2 (1990). In order for the Court to have jurisdiction over an appeal, an appellant must file a valid NOD on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)); *see also Hamilton*, 4 Vet.App. 528, 531. An NOD is defined by VA regulations as "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result." 38 C.F.R. § 20.201 (1992). In *Hamilton*, this Court held that "[t]here can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton*, 4 Vet.App. 528, 538.

In this case, the record on appeal indicates that appellant filed an NOD, with respect to the November 4, 1987, RO decision, on November 16, 1987, prior to the statutory cutoff date for jurisdictionally valid NODs. Accordingly, the December 2, 1992 order of the Court staying further proceedings in this appeal is VACATED and the appeal of the BVA's March 14, 1991 decision, is DISMISSED for lack of jurisdiction.