**Joseph C. ADAMSKI, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–888.**

United States Court of Veterans Appeals.

June 16, 1993.

See also 2 Vet.App. 46.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

## ORDER

PER CURIAM.

This matter is before the Court on a motion by the Secretary of Veterans Affairs (Secretary) for summary affirmance, for acceptance of the motion in lieu of a brief, for a stay of proceedings pending a ruling on the motion, and to confine the issue on appeal to that adjudicated by the Board of Veterans' Appeals (BVA or Board) and for appellant's brief to be partially stricken. In reviewing the record in this case, the Court notes that, in the attachments to the Certification of [BVA] Docket Information (specifically, "[BVA] VACOLS APPEAL UPDATE DATA"), the date of receipt of the Notice of Disagreement (NOD) is recorded as May 12, 1987. R. at 65. Because this Court's jurisdiction is limited to cases in which an NOD had been filed on or after November 18, 1988, a question is raised as to the Court's jurisdiction to hear the merits of this appeal.

On March 30, 1987, the BVA granted the appellant's claim for service connection for post-traumatic stress disorder (PTSD). R. at 55–61. On April 10, 1987, pursuant to the BVA determination of service connection, a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) issued a rating decision evaluating appellant's disability at 10% from July 10, 1980. R. at 62. The May 12, 1987, NOD apparently was filed with the April 10, 1987, rating decision although the NOD itself is not in the record. A Statement of the Case, dated December 16, 1987, stated the issue in the appeal initiated by the NOD as a claim for an increase in the veteran's 10% disability rating. R. at 64–67. Shortly thereafter, the veteran submitted a VA Form 1–9, Appeal to [BVA], claiming that an increase in his disability evaluation was warranted and requesting a personal hearing at the RO; the hearing was scheduled for February 3, 1988. R. at 68, 69.

In a February 3, 1988, letter to the RO, the veteran's representative cancelled the hearing scheduled for that day and requested an examination. R. at 69. A VA psychiatric examination was administered

in March 1988 (R. at 70–77), and subsequently the RO issued a rating decision, dated May 13, 1988, increasing the veteran's disability rating to 30% from July 10, 1980. R. at 78–79. On June 17, 1988, the VA received an NOD from the veteran (R. at 80), and thereafter issued a Supplemental Statement of the Case (SSOC), dated September 19, 1988. R. at 82–84.

In a letter dated September 28, 1988, the veteran requested an earlier effective date for his service-connected disorder. R. at 85–86. He felt he "should be compensated from 1971 when it all started." R. at 86. On October 28, 1988, the RO issued a rating decision confirming the July 10, 1980, effective date (R. at 87), and an SSOC, dated November 30, 1988, was sent to the veteran. R. at 88. Subsequently, the veteran submitted a VA Form 1–9, dated December 4, 1988, in which he articulated the issues of the appeal as both an increase in his disability evaluation and an earlier effective date. R. at 92–94. On July 10, 1989, the BVA, in two separate decisions, granted an earlier effective date of June 13, 1980, for the veteran's service-connected PTSD (R. at 102–05) and remanded the case to the RO regarding the issue of an increased disability rating. R. at 99–101. In the decision remanding the claim for an increase, the Board noted that the SSOCs issued in September 1988 and November 1988 did not contain "the rating criteria of Code 9411 which became effective on February 3, 1988." R. at 100. The Board therefore remanded the claim "to ensure that the veteran's right to due process is respected." *Id.* The Board stated that "if the decision on this issue is still adverse to the veteran, [an SSOC] should be furnished to him ... [and he] should then be afforded a reasonable opportunity to respond." R. at 101. The Board also stated, "The case will then be returned to the Board for further appellate consideration, if necessary." *Id.*

Pursuant to the remand by the BVA, a rating decision, dated August 22, 1989, was prepared by the RO which denied an increased rating for PTSD. R. at 106–07. An SSOC, dated October 2, 1989, was sent

to the veteran. R. at 108–11. This SSOC showed the "Date of Original 'Statement of the Case'" as "December 16, 1987," and under "Date(s) of Any Prior 'Supplemental Statement(s) of the Case'" was written "September 20, 1988 and November 30, 1988." R. at 108. On the SSOC, under a section entitled "Other Evidence and Adjudication Actions (Supplemental)," a notation recorded the denial of the increased rating evaluation by the rating board in the August 22, 1989, decision, and stated that "[t]his constitutes the veteran's first notification of this determination." R. at. 109. Subsequently, the veteran's representative submitted VA Form 1–646, Statement of Accredited Representative in Appealed Case, dated December 5, 1989. R. at 112–13. On that form, the representative noted the "originating agency continued the 30 percent evaluation for [PTSD]" and further noted, "We disagree with this assessment." R. at 112. On June 20, 1990, the BVA denied entitlement to an increased rating for PTSD. *Joseph C. Adamski*, BVA 90–20551 (June 20, 1990). Appellant filed a Notice of Appeal with this Court on August 27, 1990. It is with regard to June 20, 1990, BVA decision that the Secretary moves the Court for summary affirmance.

On May 13, 1992, the United States Court of Appeals for the Federal Circuit issued a decision, *Strott v. Derwinski*, 964 F.2d 1124 (Fed.Cir.1992), which, in part, overruled this Court's decision in *Whitt v. Derwinski*, 1 Vet.App. 40 (1990), and which left unanswered certain issues concerning the jurisdictional NOD requirements of 38 U.S.C.A. § 7105 (West 1991). On October 7, 1992, this Court issued an order consolidating the cases of *Hamilton v. Derwinski*, 2 Vet.App. 671, *Contreras v. Derwinski*, 2 Vet.App. 275, and *Powell v. Derwinski*, No. 91–988 [hereinafter "the consolidated cases"], for disposition by the Court, sitting en banc, of the issue whether, in each case, a valid NOD was filed on or after November 18, 1988, pursuant to 38 U.S.C.A. § 7105. The Court issued its decision in the consolidated cases on April 15, 1993.

■ The Court has jurisdiction only over cases in which an NOD was filed on or after November 18, 1988, *see* Veterans' Judicial Review Act, Pub.L.No. 100–687 § 402 (1988) (found at 38 U.S.C.A. § 7251(a) note (West 1991)). Further, there can be only one valid NOD as to a particular claim until a final RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant. *Hamilton v. Brown*, 4 Vet.App. 528, 538–39 (1993). Where the BVA remands to an RO for further development and readjudication a claim previously decided by the RO and properly appealed to the BVA, an expression of disagreement with a subsequent RO readjudication on remand cannot be an NOD. *Id.* However, "where the BVA remands to an RO for development and adjudication a claim not decided by the RO (and as to which no NOD has ever been filed, and which thus is not an appealed claim) and the claimant files a timely expression of disagreement with the RO, that expression is an NOD as to that claim...." *Id.*

■ The issue presented by this case with regard to the claim for an increased disability rating for appellant's service-connected PTSD is whether a jurisdictionally valid NOD was filed with regard to that claim. Clearly, the NODs filed on May 12, 1987, and June 17, 1988—the former with the April 10, 1987, RO decision evaluating the veteran at 10% and the latter with the May 13, 1988, RO decision evaluating the veteran at 30%—are not jurisdictionally valid NODs because they were filed before November 18, 1988. Thus, the question becomes whether the December 5, 1989, NOD with the August 22, 1989, RO rating decision which denied a disability rating higher than 30% constitutes a jurisdictionally valid NOD. The August 22, 1989, RO decision was rendered pursuant to a remand from the BVA. That remand was clearly one "for *further* development and *re*adjudication [of] a claim previously decided by the RO," i.e., a claim for an increased disability rating for PTSD, and not a remand to the RO "for development and adjudication [of] a claim not decided by the RO." *Hamilton*, 4 Vet.App. at 538 (emphasis added). Therefore, the December 5,

1989, NOD was not the first NOD filed pursuant to the particular claim for an increased disability rating for the veteran's service-connected PTSD, and as such it is not valid for the purpose of conferring jurisdiction upon this Court.

Upon consideration of the foregoing, it is

ORDERED, sua sponte, that this appeal is dismissed for lack of jurisdiction.