**Romal D. BOOKER, Claimant-Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent-Appellee.**

No. 03–7160.

United States Court of Appeals,
Federal Circuit.

DECIDED: Dec. 4, 2003.

Before MICHEL, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

Romal D. Booker ("Booker") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans' Court") denying Booker's motion for extraordinary relief in the nature of mandamus. *Booker v. Principi,* No. 03–252, 2003 WL 1737645 (Vet.App. Mar. 19, 2003) (*"Order"*). Because the Veterans' Court did not err in determining that Booker had not exhausted his administrative remedies, we *affirm* the judgment of the Veterans' Court.

## BACKGROUND

Booker served in the United States Air Force from 1981 to 1984. In 1995, Booker first filed a claim for service connection for depression, followed by claims in 1996 for problems with his left knee and in 1998 for problems with his right knee. His claims were denied at a regional office of the Department of Veterans' Affairs ("agency"); however, in August 1998, the Board of Veterans' Appeals ("BVA") remanded his claims for right knee disorder and depression to the regional office for development. After further consideration by the regional office, Booker's claims again were before the BVA which, in a November 1999 decision, denied claims for service connection for the left knee disorder and depression, and again remanded the right knee disorder claim to the regional office for further development. *Order* at 1.

Booker appealed the November 1999 decision to the Veterans' Court. On request from the agency following the enactment of the Veterans' Claims Assistance Act of 2000, the Veterans' Court vacated the portion of the November 1999 decision denying Booker relief and remanded the case to the BVA. The BVA in turn remanded the case to the regional office, with in-

structions to aid Booker in obtaining medical records and providing Booker with additional medical examinations. *Id.*

On October 9, 2002, the regional office: (a) denied Booker's claims for service connection for depression, post-traumatic stress disorder, right knee disorder, and left knee disorder; and (b) deferred a decision on Booker's separate claim filed under 38 U.S.C. § 1151. In response to the October 9, 2002 decision, Booker filed a request for a writ of mandamus with the Veterans' Court on February 10, 2003, seeking to have the Veterans' Court find service connection for each of his claims. On March 19, 2003, the Veterans' Court denied Booker's request, holding that "by the filing of his petition with the court, [Booker] is merely seeking to bypass a BVA decision" and finding that Booker had not exhausted his administrative remedies. *Id.* at 2.

Booker timely appeals from the denial of his request. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

The scope of this court's review of a decision of the Veterans' Court is set forth in 38 U.S.C. § 7292. This court has jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2000). These legal determinations we review de novo. *Prenzler v. Derwinski,* 928 F.2d 392, 393 (Fed.Cir.1991). This court, however, "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except where a constitutional issue is presented. *Id.* § 7292(d)(2). That being said, "there

is no indication however, that in thus limiting our jurisdiction, Congress intended to insulate from judicial review [a Veterans' Court] ruling on mandamus petitions." *Lamb v. Principi,* 284 F.3d 1378, 1382 (Fed.Cir.2002).

"To obtain mandamus, the petitioner must show (1) that he has a 'clear and indisputable right' to the writ and (2) that he has no alternative way to obtain the relief sought." *Id.* The Veterans' Court correctly recognized that it should apply this standard when considering Booker's petition. *See Order* at 2. Booker, on appeal, makes numerous allegations of "delay, discrimination, and obstruction" in processing his claim. Informal Br. of Pet'r at 1. He also asserts that the agency violated other provisions of Titles 18 and 38, *id.* at 1–2, and the Americans with Disabilities Act, *id.* at 3. However, at no point does Booker establish that he has no alternative way to obtain the relief sought.

The Veterans' Court clearly considered the delaying effect of the multiple remands in this case. *Order* at 2 ("It is unfortunate that an ultimate decision regarding several of petitioner's claims has been delayed by multiple remands."). We agree, however, with the Veterans' Court conclusion that Booker's petition is "merely seeking to bypass a BVA decision." *Id.* Absent the writ, Booker will still have recourse, via timely appeal, to the Veterans' Court from any adverse BVA decision.

We have considered Booker's arguments and find them to be unpersuasive. We conclude that Booker is not entitled to a writ of mandamus because he has not established that he has " 'a clear and indisputable right' to the writ and that he has no alternative way to obtain the relief sought." *Lamb,* 284 F.3d at 1382. The order of the Veterans' Court, denying

Booker's request for such writ, is therefore *affirmed.*