NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROMEL D. BOOKER,**
*Petitioner-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7069

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2677, Judge William A. Moorman.

---

Decided: June 13, 2013

---

ROMEL D. BOOKER, of Roselle, New Jersey, pro se.

JOSEPH A. PIXLEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant

General Counsel and CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before DYK, BRYSON, and WALLACH, *Circuit Judges.*

PER CURIAM.

Romal D. Booker appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief. *Booker v. Shinseki*, No. 12-2677, 2012 WL 4356253 (Vet. App. Sept. 25, 2012). Because Mr. Booker's appeal requires the application of law to fact, it is dismissed for lack of jurisdiction.

## BACKGROUND

Mr. Booker served on active duty in the United States Air Force from 1981 to 1984. The Department of Veterans Affairs ("VA") Regional Office ("RO") has repeatedly denied Booker's claim for service connection for depression, claims for problems with his left knee, and claims for problems with his right knee.

In January 2010, Mr. Booker filed a petition for extraordinary relief with the Veterans Court, asserting that the VA failed to adjudicate a reopened claim for service connection. The Veterans Court denied the petition and instructed Mr. Booker to seek action by the RO or the Board if he believed he had claims pending. The Veterans Court also noted that the Board had previously received a motion for reconsideration of a 2004 Board decision from Mr. Booker's attorney but could not rule on it because Mr. Booker had revoked the attorney's power of attorney. Additionally, the Veterans Court noted that Mr. Booker had repeatedly sought to reopen his previously denied claims for service connection and that the RO had

determined that Mr. Booker had failed to submit new and material evidence to warrant reopening the claims.

In September 2010, Mr. Booker filed a motion for reconsideration of a September 30, 2004 Board decision denying claims for service connection for depression and right and left knee disorders. The Board denied the motion, and Mr. Booker appealed. The Veterans Court dismissed the appeal as untimely.

On August 27, 2012, Mr. Booker filed the petition for a writ of mandamus that is currently at issue in this appeal. In this petition Mr. Booker argued that the Veterans Court had failed to address issues he had previously raised in a prior petition and that his claims should be granted. The Veterans Court found that Mr. Booker had not demonstrated "a clear and indisputable right to a writ." *Booker*, No. 12-2677, 2012 WL 4356253, at \*2. The Veterans Court stated that to the extent Mr. Booker asserts that the Veterans Court erred in denying his January 2010 petition for a writ of mandamus, or that the RO and/or the Board erred in adjudication of his claims, the appropriate vehicle for relief was through the established appellate process, not a petition for a writ of mandamus. *Id.* Regarding Mr. Booker's assertion that his claims remain unadjudicated, the Veterans Court found that there was insufficient information provided to determine that there was "no adequate alternative way to obtain his desired relief, that he has a clear and indisputable right to a writ, or that the writ is warranted." *Id.* Mr. Booker filed a motion for reconsideration, and a panel decision affirmed the single judge order. *Booker v. Shinseki*, No. 12-2677, 2013 WL 74245, at \*1 (Vet. App. Jan. 8, 2013). Mr. Booker filed this timely appeal.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the

validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). This rule applies when reviewing the Veterans Court's application of the All Writs Act, which requires the court issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (1949).

The Veterans Court denied the petition for a writ of mandamus because the conditions necessary for granting a writ were not met. For the Veterans Court to grant the petition, (1) the petitioner must demonstrate the lack of adequate alternative means to obtain the desired relief, in order to ensure the writ is not used as a substitute for the appeal process; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court must be convinced that that a writ is warranted under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004). The Veterans Court determined that Mr. Booker did not meet his burden.

On appeal Mr. Booker argues that the Veterans Court failed to address "core issues" in his earlier petition and failed to consider the evidence on the record. Appellant's Informal Br. at 3. Furthermore, he asserts that failure to address the evidence caused confusion, obstruction, and delay, thus necessitating the need for the writ of mandamus.

The issues raised by Mr. Booker are whether the facts of his case entitle him to the writ of mandamus. This is a challenge to the Veterans Court's application of law to

facts. Accordingly, review of the denial of the writ is beyond the scope of this court's jurisdiction. 38 U.S.C. § 7292(d)(2). Mr. Booker's appeal is dismissed.

## DISMISSED