NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROMAL D. BOOKER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Defendant-Appellee*

---

2025-1775

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-5379, Judge Joseph L. Falvey, Jr.

---

Decided: December 9, 2025

---

ROMAL D. BOOKER, Roselle, NJ, pro se.

REBECCA TAYLOR MITCHELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE; MATTHEW ALBANESE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, REYNA, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Romal D. Booker appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which dismissed his petition for a writ of mandamus as moot. *Booker v. McDonough*, No. 24-5379, 2024 WL 4452066, at *1–2 (Vet. App. Oct. 9, 2024) ("*Decision*"). Because we lack jurisdiction over the appeal, we *dismiss*.

## I.  BACKGROUND

This is Mr. Booker's fifth appeal to this court. *See Booker v. Principi*, 82 F. App'x 40 (Fed. Cir. 2003); *Booker v. Nicholson*, 177 F. App'x 974 (Fed. Cir. 2006); *Booker v. Shinseki*, 515 F. App'x 886 (Fed. Cir. 2013); *Booker v. McDonough*, No. 2021-1566, 2021 WL 3871966 (Fed. Cir. Aug. 31, 2021) ("*2021 Decision*"). Mr. Booker served in the Air Force from 1981 to 1984. *2021 Decision* at *1. Following his service, he filed claims for knee arthritis, depression, and post-traumatic stress disorder ("PTSD"), which the Department of Veterans Affairs ("VA") regional office denied. *Id.* at *1–2. In March 2016, Mr. Booker requested that the VA reopen his right-knee arthritis, depression, and PTSD claims, which the VA declined to do. *Id.* at *2. In January 2019, the Board of Veterans' Appeals ("Board") affirmed that decision, concluding that Mr. Booker had not submitted the required new and material evidence to justify reopening. *Id.* The Veterans Court affirmed the Board's decision denying reopening the right-knee arthritis, depression, and PTSD claims. *See id.* However, the Veterans Court held that Mr. Booker's request to reopen reasonably raised a left-knee claim, so it remanded for further proceedings. *See id.* at *1 n.1; *Booker v. Wilkie*, No. 19-2741, 2020 WL 5223533, at *4 (Vet. App. Sep. 2, 2020). Mr. Booker appealed the

Veterans Court's decision to us, and we dismissed for lack of jurisdiction. *2021 Decision* at *1.

In February 2022, Mr. Booker's remanded left-knee claim returned to the Board. *Booker v. McDonough*, No. 24-1589, 2024 WL 2721566, at *1 (Vet. App. May 28, 2024). In April 2022, the Board advised Mr. Booker that he could submit evidence and argument on the remanded left-knee claim. *Id.* at *2. In May 2022, Mr. Booker filed an "Appeal to the Board of Veterans' Appeals," which in February 2023 he re-filed and clarified was meant to seek reconsideration of the Board's January 2019 denial of his request to reopen his PTSD, depression, and right-knee claims. *Id.* Accordingly, as of February 2023, Mr. Booker had two disputes pending before the Board—the February 2022 remand of the left-knee claim and the February 2023 motion for reconsideration. The Board informed Mr. Booker that both challenges were awaiting review, and the Board gave Mr. Booker the opportunity to submit arguments in December 2023 in support of his reconsideration motion, which Mr. Booker later did. *Id.*

In March 2024, Mr. Booker filed a petition for a writ of mandamus to the Veterans Court, alleging unreasonable delay in the adjudication of the February 2023 motion for reconsideration and the left-knee disability claim on remand. *Id.* at *1. The Veterans Court denied the petition in May 2024. *See id.* at *6.

In July 2024, Mr. Booker filed another petition for a writ of mandamus, which is the petition that forms the basis of this appeal. *See Decision* at *1–2. The Veterans Court construed Mr. Booker as arguing that the Board had "delayed adjudicating two pending actions: a February 2023 motion for Board reconsideration of a January 2019 Board decision, and an appeal of that same January 2019 Board decision that the Court remanded." *Booker v. McDonough*, No. 24-5379 (Vet. App. Aug. 15, 2024)

(S. App'x 8–9);[1] *see Decision* at *1. After the Board ordered the VA to respond to the petition, S. App'x 8–9, the VA explained that Mr. Booker's motion for reconsideration had been resolved in August 2024, and the 2019 appeal was remanded in September 2024 after being held in abeyance pending the resolution of the motion for reconsideration. *Decision* at *1; *see* S. App'x 13–17. The Veterans Court judge held that "[b]ecause VA acted on Mr. Booker's motion for Board reconsideration and on his appeal from the 2019 Board decision, Mr. Booker received the relief he sought" and dismissed Mr. Booker's petition for writ of mandamus as moot. *Decision* at *1. The single judge's decision remained the opinion of the court, *see Booker v. McDonough*, No. 24-5379 (Vet. App. Jan. 15, 2025) (S. App'x 4–5), and Mr. Booker's motion for review by the full Veterans Court was denied, *see Booker v. Collins*, No. 24-5379 (Vet. App. Mar. 11, 2025) (S. App'x 2–3). Mr. Booker timely appealed.

## II.  DISCUSSION

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review any challenge to the Veterans Court's decision on the validity of a statute or regulation, or interpretation of a statute or regulation. 38 U.S.C. § 7292(c). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). For appeals involving petitions for a writ of mandamus, we have jurisdiction only if there is a "non-frivolous legal question," and we cannot "review the factual merits of the veteran's claim" or address "application of veterans' benefits law to the particular facts

---

[1]   We refer to the supplemental appendix filed with the government's informal response brief, ECF No. 13, as "S. App'x" throughout this opinion.

of a veteran's case." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

On appeal, Mr. Booker does not raise any challenge over which we can exercise jurisdiction. First, Mr. Booker contends that the Veterans Court "showed no honesty and integrity in *the application* of this [p]recedent and the law." Appellant's Br. 2[2] (emphasis added); *see id.* at 4. We lack jurisdiction over such challenges involving application of law to fact. 38 U.S.C. § 7292(d)(2); *Beasley*, 709 F.3d at 1158. Second, while Mr. Booker has attached a list of statutes and regulations he believes were violated, Appellant's Br. 4, none of those statutes or regulations were interpreted by or relied upon by the Veterans Court in this case, nor does this case turn on the validity or interpretation of any of those statutes or regulations. *See Smith v. Collins*, 130 F.4th 1337, 1343–44 (Fed. Cir. 2025); *see generally Decision.* Third, Mr. Booker invokes, without further explanation, the Fifth Amendment. Appellant's Br. 1–2. An appellant's "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Therefore, we lack jurisdiction over Mr. Booker's appeal.

### III. CONCLUSION

We have considered Mr. Booker's remaining arguments and find that none of the arguments raises a non-frivolous issue over which we can assert jurisdiction. For the foregoing reasons, we *dismiss*.

### DISMISSED

### COSTS

No costs.

---

[2] We cite to the ECF page numbers.