954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dwight V. JONES, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 91-7084.
 United States Court of Appeals, Federal Circuit.
 Jan. 21, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Dwight V. Jones, appeals from the June 11, 1991 decision of the United States Court of Veterans Appeals, No. 89-90, affirming a decision of the Board of Veterans Appeals that denied Jones an increase in benefits over those he is now receiving based on a seventy percent disability rating. We dismiss the appeal for lack of jurisdiction.
 
 DISCUSSION
 
 2
 On September 6, 1989, the Board of Veterans Appeals denied Jones' entitlement to a total disability rating based on individual employability and denied an increased disability rating for post-traumatic stress disorder, currently evaluated as a seventy percent disability. The Court of Veterans Appeals affirmed the Board's decision denying these claims.
 
 
 3
 The Court of Veterans Appeals correctly held that the decision of the Board of Veterans Appeals was primarily a factual determination that the degree of Mr. Jones' disability was not of such severity as to preclude all types of substantially gainful employment, consistent with his education and occupational experience. After reviewing the Board's determination, the Court of Veterans Appeals held that there was a plausible basis for the Board's factual determination and that Mr. Jones' disability was properly rated in accordance with 38 C.F.R. § 4.16(c) (1990), Diagnostic Code 9411.
 
 
 4
 It is clear that this court has no jurisdiction to review the decision of the Court of Veterans Appeals in this case. The applicable statute limits this court's jurisdiction to review the decisions of the Court of Veterans Appeals as follows:
 
 
 5
 Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals [for the Federal Circuit] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 
 
 6
 38 U.S.C. § 4092(d)(2), redesignated as § 7292(d)(2) (emphasis added).
 
 
 7
 Thus, the statute expressly bars this court from reviewing the factual determinations that are involved in this appeal, or Mr. Jones' challenge to the law and regulations as applied to the facts. See Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed.Cir.1991).
 
 
 8
 Although he did not raise a constitutional issue before the Court of Veterans Appeals, Mr. Jones in his reply brief, cites Valley Forge College v. Americans United, 454 U.S. 464 (1982) and O'Connor v. Donaldson, 422 U.S. 563 (1972) in support of his argument that his claim for a total disability rating presents a constitutional issue. Neither decision has any application to his case. In the Valley Forge College case, the Supreme Court held that the respondents had no standing to sue and no constitutional right to challenge the conveyance of surplus property by HEW to the college. In the O'Connor case, a mental patient sued the superintendent of the hospital for damages on the ground that he had been unconstitutionally deprived of his right to liberty. The Supreme Court held that his claim did not present a constitutional issue. 422 U.S. at 573.
 
 
 9
 Also, it is clear from a study of his informal brief that he contends that the Court of Veterans Appeals misinterpreted the law and regulations and failed to take into consideration the intent of Congress in enacting Title 38 of the U.S. Code.
 
 
 10
 Since Mr. Jones has failed to show that there is any basis for this court to review the decision of the Court of Veterans Appeals under the applicable statute, the motion of the Secretary of Veterans Affairs to dismiss the appeal is granted.