NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7197

GUADALUPE LOPEZ, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: March 9, 2006

_____

Before MICHEL, <u>Chief Judge</u>, MAYER, and LOURIE, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Guadalupe Lopez, Jr. ("Lopez") appeals from the final decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") sustaining the denial by the Board of Veterans' Appeals (the "Board") of an effective date earlier than May 3, 1988 for his service-connected post-traumatic stress disorder ("PTSD"), an effective date earlier than September 9, 1994 for a 100 percent rating based on unemployability due to his service-connected PTSD, and service connection for peripheral neuropathy.  <u>Lopez v. Nicholson</u>, No. 04-0073 (Vet. App. July 6, 2005)

("Decision on Appeal").  Because Lopez only challenges the Board's factual determinations and the Veterans Court's application of law to the facts of his case, we dismiss his appeal for lack of jurisdiction.

BACKGROUND

Lopez, a Vietnam War veteran who served in the U.S. Marines from February 1967 to March 1970, filed a claim for disability benefits for service-connected PTSD in June 1985.  Decision on Appeal, slip op. at 2.  The Veterans Administration[1] ("VA") Regional Office ("RO") denied the claim in July 1985 and Lopez did not appeal that decision.  Id.  Lopez subsequently filed three other claims that gave rise to the present appeal.

First, on May 3, 1988, Lopez again filed a claim for service connection for PTSD. The claim was referred to the RO for appropriate development, and Lopez was diagnosed as having PTSD on May 30, 1989.  Id.  In October 1989, the RO awarded service connection for PTSD with a 10 percent evaluation, effective May 30, 1989.  Id. Lopez did not appeal that decision.  Id.  However, in August 2002, Lopez requested an earlier effective date than May 30, 1989 for his service-connected PTSD.  Id.  The RO denied the claim in September 2002, and Lopez appealed that decision to the Board. Id., slip op. at 2-3.  Second, in September 1993, Lopez filed a claim for increased compensation based on unemployability due to his service-connected PTSD.  Id., slip op. at 2.  In August 1995, the RO increased his rating for PTSD to 100 percent, effective September 26, 1994.  Id.  Lopez appealed that decision to the Board, requesting an earlier effective date than September 26, 1994.  Id.  Third, in August 1996, Lopez filed a

claim for service connection for peripheral neuropathy. Id. The RO denied his claim in April 1997, and Lopez appealed that decision to the Board. Id.

On November 1, 2003, the Board ruled in a single decision on the three issues that Lopez had appealed. Id., slip op. at 3. The Board granted an earlier effective date of May 3, 1988 for Lopez's service-connected PTSD, granted an earlier effective date of September 9, 1994 for the 100 percent rating based on unemployability due to his service-connected PTSD, and denied service connection for peripheral neuropathy. Id. Lopez then appealed to the Veterans Court. Id.

On July 6, 2005, the Veterans Court affirmed the Board's decision, holding that the Board's determination regarding the effective date for Lopez's service-connected PTSD was not clearly erroneous. Id., slip op. at 4-5. The Veterans Court recognized that under 38 U.S.C. § 5110(a)[2] "the correct effective date for the award of service connection for PTSD could be no earlier than the date of the claim" even though the Board concluded that the onset of Lopez's PTSD arose prior to Lopez's May 3, 1988 claim. Id., slip op. at 4. The Veteran Court also held that the Board's determination regarding the appropriate effective date for the 100 percent rating based on unemployability due to Lopez's service-connected PTSD was not clearly erroneous because the Board found that Lopez was employed full-time until September 9, 1994, and that contemporaneous medical evidence indicated that he did not exhibit a 100 percent disability until he left his employment. Id., slip op. at 5. Finally, the Veterans

---

[1]     The Veterans Administration was renamed the Department of Veterans Affairs in 1988. Department of Veterans Affairs Act, Pub.L. No. 100-527, 102 Stat. 2635 (1988).

[2]     38 U.S.C. § 5110(a) provides that for a claim reopened after final adjudication, the effective date for the grant of service connection "shall not be earlier than the date of receipt of application therefor."

Court held that the Board did not err in denying Lopez's claim for service connection for peripheral neuropathy because Lopez did not provide a current diagnosis of peripheral neuropathy, even though he was informed in a May 2003 letter that such a diagnosis was required to establish entitlement to service connection for peripheral neuropathy. Id. at 7. In so holding, the Veterans Court agreed with the Board that the Secretary of Veterans Affairs (the "Secretary") had complied with the duty to assist under 38 U.S.C. § 5103A and that there was no indication that additional relevant information existed that needed to be added to Lopez's VA claims folder. Id.

Lopez timely appealed to this court, and we have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

We have limited jurisdiction to review a decision of the Veterans Court. We cannot, absent a constitutional issue, review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2000). We may, however, review the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a) (2000). Such legal determinations of the Veterans Court are reviewed without deference. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991).

On appeal, Lopez argues that the Veterans Court "overlooked applicable facts addressed in [the Board's] decision," including his service in Vietnam, medical records indicating that he had received multiple shell fragment wounds in June 1968, an April 1970 rating decision awarding service connection for disabilities related to that injury,

05-7197                                    -4-

and 1971 VA medical records diagnosing Lopez with a psychiatric problem. Further, Lopez contends that the Veterans Court "overlooked . . . undisputed facts in [the Board's] decision," including the VA's 1989 psychiatric evaluation of Lopez indicating that he suffered from PTSD, alcohol abuse, and personality with paranoid features, and an October 1989 rating decision granting service connection for PTSD. In addition, Lopez challenges the Veterans Court's application of the law to the facts of his case, asserting that that court "ignored Pertinent Law and Regulations." Finally, as to his claim for service connection for peripheral neuropathy, Lopez argues that the Veterans Court failed to consider his argument that PTSD was linked with peripheral neuropathy, and erred in concluding that the Secretary had complied with the duty to assist.

The government responds that because all the issues raised in Lopez's appeal involve the Board's factual determinations and the Veterans Court's application of the law to the facts, this court lacks jurisdiction to review the appeal. Further, the government argues that even if we had jurisdiction over the appeal, none of the assertions in Lopez's informal brief provide any basis to overturn the decision of the Veterans Court.

We agree with the government that we do not have jurisdiction over Lopez's appeal. Under 38 U.S.C. § 7292(d)(2), we may not review factual findings or the application of the law to the facts in a Veterans Court decision, except to the extent that an appeal presents a constitutional issue. Here, Lopez does not raise any constitutional issues. Nor does he argue that the Veterans Court misinterpreted any statute or regulation or that any pertinent VA regulation is invalid. Rather, Lopez challenges the Board's interpretation of his medical records, an issue of fact, and the Veterans Court's

review of the Board's findings, an application of the law to the facts. Under these circumstances, Lopez's appeal is beyond the scope of our jurisdiction. We therefore dismiss Lopez's appeal for lack of jurisdiction.