# United States Court of Appeals for the Federal Circuit

05-7163

ALLAN S. MATTHEWS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Sean McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Bryant G. Snee, Assistant Director; and Alan J. Lo Re, Senior Trial Counsel. Of counsel on the brief were Richard J. Hipolit, Assistant General Counsel, and Martie S. Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance

# United States Court of Appeals for the Federal Circuit

05-7163

ALLAN S. MATTHEWS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  July 13, 2006

_____

Before NEWMAN, RADER, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

On August 5, 1994, Allan S. Matthews, a veteran of the United States Navy, submitted a claim for post traumatic stress disorder with the Veterans Administration (the "VA") regional office (the "RO").  In March 2002, Mr. Matthews was awarded a 100% service connected disability rating, which was effective from the date of his claim in 1994.  The retroactive benefits were calculated by dividing the time from 1994 to 2002 into nine time periods.  The VA awarded Mr. Matthews the monthly compensation rate in effect during each time period.  Mr. Matthews disputed this method used to calculate his benefits arguing that his past due benefits should all be calculated by applying the monthly compensation in effect in 2002 to the entire period from 1994 to

2002. On March 4, 2004, the Board of Veterans' Appeals (the "Board") found that Mr. Matthews was not entitled to any additional compensation and the decision was subsequently affirmed by the United States Court of Appeals for Veterans Claims (the "CAVC"). We agree with the CAVC that this case is governed by our precedent in Sandstrom v. Principi, 358 F.3d 1376, 1380 (Fed. Cir. 2004), and therefore we affirm.

## I.

Compensation for a disability rating is governed by 38 U.S.C. § 1114. This statute has been amended periodically in an effort to increase the monthly compensation to keep pace with cost of living increases. In this case, Mr. Matthews was awarded a 100% disability rating in 2002 that dated back to his original 1994 claim. See 38 U.S.C. § 1114(j) (2000). In calculating Mr. Matthews's past due retroactive benefits, the VA divided the time from 1994 to 2002 into nine time periods corresponding to the amendments of the statutory compensation. For each time period, Mr. Matthews was awarded the monthly compensation rate from the then-current version of 38 U.S.C. § 1114(j).

Before the CAVC, Mr. Matthews argued that this method of computing his retroactive compensation was incorrect as it conflicted with the plain language of the statute. The 2002 version of the statute states that "if and while the disability is rated as total the monthly compensation shall be $2,163." Id. § 1114. Mr. Matthews argued that this monthly compensation of $2,163 should be applied to both his ongoing monthly compensation as well as to his retroactive compensation. Thus, instead of using the previous versions of 38 U.S.C. § 1114(j) and their lower compensation rates, Mr.

Matthews argued that the VA was required to calculate his entire eight years of past due compensation with the 2002 statutory amount.

The CAVC disagreed, relying on Sandstrom v. Principi for its holding that 38 U.S.C. § 1114 does not require that retroactive benefits be calculated based on the statute's current amount of compensation. 358 F.3d at 1380. Mr. Matthews argued, however, that Sandstrom was distinguishable because it involved an award of retroactive benefits due to a finding of clear and unmistakable error ("CUE") and his case did not. Nonetheless, the CAVC found that the "difference in the procedural history [between Sandstrom and this case] as to this claim is irrelevant and Sandstrom is controlling." Matthews v. Nicholson, No. 04-733, (Vet. App. Apr. 26, 2005). Accordingly, the CAVC affirmed the Board decision. Mr. Matthews appealed that decision to this court. We have jurisdiction under 38 U.S.C. § 7292(a).

## II.

In reviewing a CAVC decision, this court decides "all relevant questions of law, including interpreting constitutional and statutory provisions" and must set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2000). This court reviews legal determinations of the CAVC under a de novo standard. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991).

On appeal, Mr. Matthews bases his arguments for an increased award solely on an interpretation of 38 U.S.C. § 1114 and its statement that "if and while the disability is rated as total the monthly compensation shall be $2,163." 38 U.S.C. § 1114 (2000). He argues that the text of § 1114 plainly directs all compensation whether ongoing or retroactive to be calculated with the dollar amount stated in the current version of the statute.

Furthermore, Mr. Matthews argues that <u>Sandstrom</u> is distinguishable and the CAVC erred when it relied on <u>Sandstrom</u>. He points out that, even though <u>Sandstrom</u> also dealt with a dispute over the method of calculating past due benefits, Sandstrom was arguing that he was entitled to interest on his past due benefits based on an interpretation of 38 U.S.C. § 5109A(b). <u>See</u> <u>Sandstrom</u>, 358 F.3d at 1377. In this case, Mr. Matthews argues that he is neither seeking interest nor premising his increased award on an interpretation of 38 U.S.C. § 5109A(b) and thus <u>Sandstrom</u> is not controlling. We disagree and find <u>Sandstrom</u> is controlling in this case.

Although <u>Sandstrom</u> does reject the argument that retroactive benefits should include interest based on an interpretation of 38 U.S.C. § 5109A(b), in that case this court was also presented with and rejected an interpretation of 38 U.S.C. § 1114 identical to the one made by Mr. Matthews. In <u>Sandstrom</u> we stated that:

> Sandstrom also argues that he is simply requesting payment of the dollar amount written into the version of 38 U.S.C. § 1114(n) in effect at the time of the CUE correction. This argument would be tantamount to reading the statute's incorporation of an explicit dollar amount as a waiver of sovereign immunity and as an expression of a willingness to compensate veterans disadvantaged by a CUE in real, rather than in nominal, dollars. <u>This argument fails because § 1114 does not address the issue of retroactive payments</u> . . . .

358 F.3d at 1380 (emphasis added). This is the same argument made by Mr. Matthews, and just as in <u>Sandstrom</u>, Mr. Matthews's argument fails because 38 U.S.C. § 1114 applies only to current monthly payments; it "does not address the issue of retroactive payments." <u>Id.</u> The CAVC properly applied <u>Sandstrom</u> to this case and it properly denied Mr. Matthews's claim for increased retroactive benefits.

**III.**

The CAVC properly applied our precedent in <u>Sandstrom</u> to this case. The version of 38 U.S.C. § 1114 that is in force when a retroactive benefit is awarded is not used in calculating retroactive awards dating back to periods with previous versions of 38 U.S.C. § 1114.

<u>AFFIRMED</u>