NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KARL A. JORGENSEN,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7034

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1892, Judge Lawrence B. Hagel.

---

Decided: October 11, 2013

---

PERRY A. PIRSCH, Berry Law Firm, P.C., of Lincoln, Nebraska, for claimant-appellant.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel

on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and MEGHAN ALPHONSO, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before REYNA, MAYER, and TARANTO, *Circuit Judges.*

PER CURIAM

Karl A. Jorgensen ("Jorgensen") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") finding that he had not properly raised a request for a total disability based upon individual unemployment ("TDIU") rating. Because a request for a TDIU rating was not expressly raised by Jorgensen nor reasonably raised by the record, we affirm the Veterans Court.

## BACKGROUND

Jorgensen served on active duty in the United States Army from October 1965 until June 1968. After his release, Jorgenson received disability benefits for a number of disabilities, including diabetes mellitus ("diabetes"). Currently, Jorgensen has a combined disability rating of 70 percent.

In October 2006, Jorgensen sought disability benefits for post-traumatic stress disorder ("PTSD") and related fibromyalgia. In June 2007, the U.S. Department of Veteran's Affairs ("VA") regional office denied service connection for both conditions. Jorgensen appealed to the Board of Veteran's Appeals ("Board") and, in an April 2009 decision, the Board agreed with the regional office that neither condition was service connected. Nonetheless, the Board remanded to the regional office with directions to reconsider Jorgensen's service connected diabetes. In July 2009, the regional office increased Jorgensen's disability rating for diabetes from 20 to 40

percent and also increased his combined disability rating from 40 to 70 percent. The regional office also found that Jorgensen was not entitled to a TDIU rating.

In response to the regional office's decision, Jorgensen's counsel sent a letter to the VA stating that Jorgensen was "satisfied" with the disability rating the VA awarded for his diabetes condition and that, as a result, he wished "to withdraw [his] appeal for diabetes." The letter also stated, with respect to a TDIU rating, that "Mr. Jorgensen is self-employed and is not seeking benefits for individual unemployability at this time."

Despite having withdrawn his diabetes appeal, Jorgensen nevertheless appealed the Board's denial of service connection for PTSD and fibromyalgia to the Veterans Court. While this appeal was pending, the parties field a Joint Motion for Partial Remand. In that motion, the parties requested that the Veterans Court vacate the part of the 2009 Board decision "finding that Appellant is not entitled to service connection for fibromyalgia, and remand the matter for re-adjudication." The parties stated that remand was warranted because the Board had failed to (1) obtain certain medical records related to Jorgensen's treatment for fibromyalgia and (2) consider whether Jorgensen was entitled to a medical examination. The Veterans Court granted the joint motion to remand. The Board, in turn, instructed the regional office to further investigate whether Jorgensen's fibromyalgia was service connected.

On remand, the regional office obtained all of Jorgensen's VA medical records and also conducted a medical examination. In March 2011, the regional office issued its decision again denying service connection for fibromyalgia. The regional office found that none of Jorgensen's medical records contained a diagnosis of fibromyalgia. In addition, the medical examination revealed that Jorgensen "did not fulfill the criteria for fibromyalgia, in that

[Jorgensen has] a variety of other reasons for [his] musculoskeletal complaints." The medical examiner noted that Jorgensen's musculoskeletal complaints were related to his diabetes, associated neuropathies, significant osteoarthritis, and a L1 compression fracture sustained in a car accident.

Jorgensen appealed the regional office's decision to the Board regarding the continued denial of service connection for fibromyalgia. The Board's June 2011 decision noted that the question before it was whether Jorgensen "currently has fibromyalgia as a result of active duty service." The Board agreed with the regional office that Jorgensen's medical records did not contain a diagnosis of fibromyalgia and that the VA medical examination attributed his musculoskeletal pain to a variety of other causes. The Board concluded that "entitlement to service connection for fibromyalgia is denied." The Board did not address, and Jorgensen did not raise, whether Jorgensen's 40 percent rating for diabetes was correct because Jorgensen had earlier withdrawn this issue from appeal. Similarly, the Board did not address, and Jorgensen did not raise, whether Jorgensen was entitled to a TDIU rating because Jorgensen had expressly stated he was not seeking such a benefit and because the Board was not making any other rating decision that would, implicitly, raise the consideration of a TDIU rating.

Jorgensen appealed to the Veterans Court, arguing that the Board (1) failed to liberally construe his claim for benefits due to fibromyalgia as one of "overall body pain" and (2) failed to address the "reasonably raised" issue of his entitlement to a TDIU rating. The Veterans Court denied Jorgensen's appeal. The court recognized that the only issue before the Board was whether Jorgensen was entitled to a service connection for fibromyalgia. The court also noted that the basis for Jorgensen's arguments on appeal were present in the record at the time the parties field the Joint Motion for Partial Remand in

December 2009. Yet, according to the court, Jorgensen did not preserve his current arguments in the joint motion. The court noted that, when requesting remand, it is "the parties' responsibly to 'enumerate clear and specific instruction to the Board' and a failure to do so will not result in a second bite at the apple."

Jorgensen appeals the Veterans Court's decision, arguing before us only that the Board erred in not considering his entitlement to a TDIU rating. We have jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

Congress has limited the scope of this court's review of Veterans Court's decisions. *See Deloach v. Shinseki,* 704 F.3d 1370, 1378 (Fed. Cir. 2013); 38 U.S.C. § 7292. Absent a constitutional issue, we may not review challenges to factual determinations or to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2). This court reviews legal determinations of the Veterans Court *de novo. See Prenzler v. Derwinski,* 928 F.2d 392, 393 (Fed. Cir. 1991).

Jorgensen maintains that the Veterans Court erred in finding that he waived his argument that he was entitled to a TDIU rating. He argues that a veteran's entitlement to a TDIU rating is implicitly "triggered by every adjudication" where the record evidence establishes that the veteran meets the regulatory requirements for a TDIU. Jorgensen further contends that, under 38 C.F.R. § 3.103(a), the VA has a regulatory duty to maximize a veteran's benefits and must, therefore, presume that a veteran is seeking maximum benefits, including a TDIU rating.

The Government responds that the Board is not required to consider a TDIU rating when a veteran expressly states he does not wish to pursue it. The Government notes that Jorgensen expressly elected not to pursue a

TDIU claim before the regional office and the Board, limiting his appeal to whether he was entitled to service connection for fibromyalgia. The Government also contends that the Board is not required to consider a TDIU unless a veteran is seeking a higher disability rating. Because the Board denied service connection for fibromyalgia, the Government argues, there was no disability rating at issue, and no requirement to consider Jorgensen's entitlement to a TDIU rating. The Government also notes, as the Veterans Court recognized, that Jorgensen did not include a request for a TDIU rating in the parties' joint motion for remand in 2009.

Entitlement to a TDIU can be either explicitly raised by a veteran or reasonably raised by the record. *Comer v. Peake*, 552 F.3d 1362, 1367 (Fed. Cir. 2009) ("the VA is obligated 'to determine all potential claims raised by the evidence'") (quoting *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001))*; see also Rice v. Shinseki*, 22 Vet.App 447 447, 453 (2009). In particular, when the VA is deciding what percentage to rate a service connected disability, if evidence of unemployability is present, the VA must consider a TDIU rating. This is true whether the veteran is seeking an increased rating or an initial rating. *Comer*, 552 F.3d at 1367 (a TDIU request is "implicitly raised whenever a *pro se* veteran, who presents cogent evidence of unemployability, seeks to obtain a higher disability rating."); *Roberson*, 251 F.3d at 1384 (initial claim for benefits). *Roberson* explains that, when a veteran makes a claim for the highest rating possible and submits evidence of unemployability, "the 'identify the benefit sought' requirement of 38 C.F.R. § 3.155(a) is met and the VA must consider a TDIU." *Id.* (citing *Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998).

Here, Jorgensen did not expressly request a TDIU rating and the record evidence does not reasonably raise such a request. After the regional office denied Jorgensen a TDIU rating, Jorgensen's counsel expressly stated that

"Mr. Jorgensen is self-employed and is not seeking benefits for individual unemployability at this time." Thus, unlike *Roberson*, Jorgensen was not seeking the highest maximum rating on appeal. *Roberson*, 251 F.3d at 1384.

In addition, the Board was not deciding what percentage to rate a service connected disability. First, unlike *Comer*, Jorgensen was not seeking an increased rating for his currently service connected conditions before the Board. *Comer*, 552 F.3d at 1367. While it is true that Jorgensen sought an increase in his disability rating for his diabetes condition before the regional office, after the regional office raised his rating to 40 percent, Jorgensen's counsel expressly withdrew that claim from his appeal. ("Karl A. Jorgensen wishes to withdraw the appeal for diabetes type II currently 40 percent service connected. He is satisfied with the percentage awarded."). Thus, Jorgensen's appeal to the Board did not include a request to increase his disability rating. Second, because the Board found that Jorgensen's fibromyalgia claims were not service connected, there was no basis to issue a rating for these claims. Certainly, had the Board decided that fibromyalgia was service connected, Jorgensen could have argued, as in *Roberson*, that the record evidence requires the VA to consider his entitlement to a TDIU. *Roberson*, 251 F.3d at 1384. But, that is not the case before us.[1] Accordingly, because Jorgensen expressly disclaimed any request for a TDIU rating based upon his current service connected conditions, and because the Board found no further service connected conditions, the record does not reasonably raise a TDIU request.

---

[1]    Jorgensen does not argue on appeal to this court that his PTSD and fibromyalgia conditions are service connected.

Our holding does not preclude Jorgensen from later seeking a TDIU because a veteran can independently assert entitlement to a TDIU at any time. *See Rice v. Shinseki*, 22 Vet.App 447, 453 (2009) ("[A] veteran may, at any time, independently assert entitlement to TDIU based on an existing service connected disability."). Such a claim may be viewed as a request for an increased disability rating based upon unemployability. *Id.* Jorgensen is merely unable to seek a TDIU rating in his current appeal because he affirmatively withdrew any request for individual unemployability benefits, and he is not seeking either an increased rating for any current condition, nor an initial rating for any new service connected condition.

## CONCLUSION

Because a request for a TDIU rating was not expressly raised by Jorgensen nor reasonably raised by the record, we affirm the decision of the Veterans Court.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.