NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**H. D. WILHOITE,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7110

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-2018, Judge Lawrence B. Hagel.

---

Decided: December 9, 2013

---

H. D. WILHOITE, of Trinity, Alabama, pro se.

AUSTIN FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MEGHAN D. ALPHONSO, Attorney, United

States Department of Veterans Affairs, of Washington, DC.

————————————

Before DYK, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

H. D. Wilhoite appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming in part and vacating and remanding in part the Board of Veterans' Appeals ("Board") decision denying Mr. Wilhoite's claims to disability benefits. For the reasons set forth below, we dismiss for lack of jurisdiction.

## I.   BACKGROUND

Mr. Wilhoite served in the United States Army on active duty from July 1953 to May 1955. Since February 1956, Mr. Wilhoite has pursued claims for disability benefits, the history of which is detailed in full in the Veterans Court's opinion. *See Wilhoite v. Shinseki*, No. 10-2018, slip op. at 2–5 (Vet. App. May 30, 2013).

Recently, the Board considered two medical opinions offered by private physicians, who provided conflicting diagnoses regarding Mr. Wilhoite's alleged complaints. In evaluating the opinions, the Board found that they did not qualify as new and material evidence that justified reopening his benefits claims for low back disorder and hypertension. The Board also denied Mr. Wilhoite's claims to benefits for rheumatoid arthritis, a psychiatric disorder, and an increased rating for duodenal ulcer because Mr. Wilhoite had failed to report for multiple scheduled examinations. Last, the Board found that Mr. Wilhoite had not met the criteria for total disability rating based on individual unemployability.

Mr. Wilhoite appealed to the Veterans Court. Except for his myocarditis claim,[1] the court found that the Board had not clearly erred in denying Mr. Wilhoite's claims. Specifically, the court found that the new opinion evidence did not establish a nexus between Mr. Wilhoite's service and claims to low back disability and hypertension. *Id.* at 6. For his claims to benefits for rheumatoid arthritis, a psychiatric disorder, and an increased rating for duodenal ulcer, the court held that the Board did not err in denying those claims based on Mr. Wilhoite's refusal to attend a medical examination. *Id.* at 8–10. Regarding the total disability rating, the court affirmed the Board's decision that Mr. Wilhoite failed to establish the requirements of 38 C.F.R. § 4.16(a). *Id.* at 10–11. The court also denied Mr. Wilhoite's motion to compel the VA to produce parts of his service record, finding that the agency had given him a copy of his entire 3,577 page claims file. Mr. Wilhoite filed a motion for reconsideration to the Veterans Court, which was denied, and then appealed the decision to us.

## II. DISCUSSION

Section 7292(a) limits our jurisdiction to review Veterans Court decisions to the legal rulings and interpreta-

---

[1]    The Veterans Court vacated the portion of the Board's decision relating to Mr. Wilhoite's claim to benefits for myocarditis. In its decision, the Board had reopened Mr. Wilhoite's claim of myocarditis based on the new and material evidence presented, but denied it on the merits. The court below reversed, finding that the Board should have remanded the reopened claim to the regional office because Mr. Wilhoite had not waived his right to have the regional office consider his newly submitted evidence. *Id.* at 7–8. Because that claim was vacated and remanded, this issue is not part of this appeal and we do not address it.

tions relied on by the court to render its decision. 38 U.S.C. § 7292(a). Unless an appeal presents a constitutional issue, we may not review "a challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2)(A)–(B).

Mr. Wilhoite does not argue that the Veterans Court misinterpreted a statute or regulation. Instead, he recounts the facts of his case and asks for a "favorable decision, on the *true facts* of 100% service connected disability." Appellant's Br. at 15 (emphasis in original). As noted above, fact findings fall outside our jurisdiction. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). Furthermore, any argument that the Veterans Court incorrectly weighed the evidence presented, including the two medical opinions, is also outside of our jurisdiction. *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder.").

Mr. Wilhoite does argue that the Army had a "constitutional (duty) to make sure the person was in good health before they took him into the U.S. Army," Appellant's Informal Br. Resp. No. 3, and that the Army "took away his right to life, liberty, and the pursuit of happiness, [that] the Declaration of Independence give[s] him," Appellant's Informal Mot. 13. This effort to raise a constitutional claim also fails. The Veterans Court did not address any constitutional issues in its decision, and Mr. Wilhoite does not identify any viable basis for a constitutional violation. The true nature of his dispute lies with the merits of the Veterans Court's factual determinations. Raising a constitutional dispute in name only cannot invoke this Court's jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack").

Finally, Mr. Wilhoite appeals the Veterans Court's denial of his motion to compel the VA to produce documents that he contends should be in the record. This aspect of Mr. Wilhoite's appeal also raises no constitutional issues or challenges to the Veterans Court's interpretation of law. Therefore, we also lack jurisdiction over this claim.

Accordingly, we dismiss Mr. Wilhoite's appeal for lack of jurisdiction.

**DISMISSED**

Costs

No costs.