NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE J. PALMATIER,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7097

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2444, Judge Lawrence B. Hagel.

---

Decided: September 22, 2015

---

KENNETH M. CARPENTER, Law Offices of Carpenter, Chartered, Topeka, KS, argued for claimant-appellant.

ELIZABETH ANNE SPECK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR; MARTIE

ADELMAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs.

―――――――――――

Before PROST, *Chief Judge,* NEWMAN and CHEN, *Circuit Judges.*

PROST, *Chief Judge.*

Mr. Palmatier appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") finding that the issue of his entitlement to an extraschedular total rating from June 2002 to December 2009 was rendered moot by the decision of the Department of Veterans Affairs ("VA") to grant an extraschedular total rating made during the pendency of his appeal. We reverse and remand with instructions for the Veterans Court to remand the case to the Board of Veteran's Appeals ("Board") to determine Mr. Palmatier's proper extraschedular rating from June 2002 to December 2009.

## I. BACKGROUND

Mr. Palmatier served in the United States Army from January 1962 to January 1963. In January 1963 Mr. Palmatier was medically separated from the service due to asthma. Mr. Palmatier was awarded compensation for asthma with a rating of 10% effective August 18, 1976. This rating was increased to 60% effective December 19, 2006.

In June 2002, Mr. Palmatier applied for service connected compensation for lower back pain. In his request for compensation, Mr. Palmatier stated:

> I request that I be considered for service connection for a back condition. Please consider the enclosed service medical record, dated 26 October 1962, which indicates a diagnosis of bilateral low back pain. Also, please refer to the enclosed pri-

> vate medical records which indicate the severity of my back condition.

J.A. 25 (emphasis omitted). In March 2003, during the pendency of Mr. Palmatier's initial claim, Mr. Palmatier requested a total disability rating based on individual unemployability ("TDIU") due to his lower back pain.

In April 2003, the VA Regional Office determined that Mr. Palmatier's back pain was not found to be chronic during service. Mr. Palmatier appealed this denial and in September 2008 the Board awarded Mr. Palmatier service connection for his back disability. During the pendency of this appeal, Mr. Palmatier's TDIU request was denied. In December 2009, Mr. Palmatier filed a second request for TDIU. In this form, Mr. Palmatier responds to the question, "What service-connected disability prevents you from securing or following any substantially gainful occupation?" by stating, "[a]sthma [and] [b]ack condition." J.A. 67.

When the case was remanded to the Regional Office, the Regional Office assigned Mr. Palmatier a 0% rating. Mr. Palmatier filed a disagreement with this determination and the Regional Office increased his rating to 40% from April 2010 forward and a 10% from June 2002 to April 2010.

On July 16, 2010, Mr. Palmatier appealed this rating increase. In appealing the decision, Mr. Palmatier responded to the question, "These are the issues I want to appeal to the BVA" by stating:

> I want to appeal the effective date of April 2010 for my 40% rating for my back. *I retired from my job due to back problems in February, 1992.* At the time I retired the doctor said do not bend over to pick things up. My VA doctor told me in September, 2009 no bending, no long standing, no lifting because of pain. In 2003 I received X-rays

> showing herniated disk at L-5; bulging L-2 through 4. L-5 was hurt in the military.

J.A. 74 (emphasis added). Furthermore, in response to the question "Here is why I think that VA decided my case incorrectly," Mr. Palmatier responded:

> The rating does not factor in the pain this veteran experiences and has experienced since 1992 and certainly since 2002. *He wasn't able to work due to back pain and had to retire.* He can't drive a truck because of jarring. He took magnesium chloride trysalicylate for muscle spasms in his back but had to discontinue it April, 2008 due to GI upset. Since before 2002, he has taken Soma, 350 mg. a muscle relaxer at night before bedtime. He also takes medication to sleep because he can't sleep due to back pain. This has been going on since prior to 2002. Dr. Eric DelGiacco treated the veteran for back pain since 1989. Dr. John Dyer treats me for pain now.

J.A. 74 (emphasis added).

In April 2011, the Regional Office awarded Mr. Palmatier benefits based on unemployability to due to his lower back condition with an effective date of December 2009. The Regional Office determined the effective date based on the date of Mr. Palmatier's TDIU application. Mr. Palmatier did not directly appeal this decision.

In June 2012, the Board determined that Mr. Palmatier was owed a 40% rating for his back with an effective date of July 2012. However, the Board did not consider either Mr. Palmatier's unemployability or the applicability of either 38 C.F.R. § 4.16(a) or (b). Instead the Board indicated that the issue of TDIU was moot. Mr. Palmatier appealed this decision to the Veterans Court, which affirmed the Board's decision on February 11, 2014. Mr. Palmatier then filed a motion for reconsideration and for

panel review, which was denied on March 31, 2014. On June 11, 2014, Mr. Palmatier timely appealed to this court.

## II. DISCUSSION

The VA contends that this court is without jurisdiction over this case, because this case implicates a finding of fact and not a finding of law. We disagree.

We review legal determinations of the Veterans Court de novo. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case" 38 U.S.C. 7292(d)(2). Here, the VA contends that the primary issue on appeal is that Mr. Palmatier disagrees with the Board's factual finding that his appeal requested only a review of the effective date of his disability finding, not a review of the VA's TDIU decision. Conversely, Mr. Palmatier argues that the VA mischaracterizes the appeal, and that the appeal addresses a question of law; specifically, whether the issue of entitlement to a TDIU rating was moot. We agree with Mr. Palmatier.

The issue before the court is whether it is permissible for the Board to determine that Mr. Palmatier had split his claim. We conclude that whether the claims were properly bifurcated, and ultimately whether this bifurcation was properly affirmed by the Veterans Court is a question of law, not one of fact. Thus, we have jurisdiction pursuant to 38 U.S.C. §§ 7292(a) and (c) as the issue before us is one of law.

The VA argues that Mr. Palmatier did not appeal the issue of his TDIU and instead indicated to the Board that he only wanted to appeal the effective date of his low back injury. The VA relies on Mr. Palmatier's July 2010 appeal, which the VA argues proves Mr. Palmatier's intent not to appeal the TDIU decision. Conversely, Mr. Palmat-

ier argues that by law the issue of entitlement to benefits based on unemployability was on appeal to the Board, because the Board was on notice of the claim. Furthermore, Mr. Palmatier argues that while the Board properly determined it can bifurcate a claim, because here it only provided a partial grant of TDIU benefits, there was no legal bifurcation. Finally, Mr. Palmatier contends that he did not bifurcate his claim, as his filings did not act to eliminate his previous claims. We agree with Mr. Palmatier.

As Mr. Palmatier concedes, the VA can properly bifurcate issues; however, the Board is obligated to decide all matters on appeal. 38 U.S.C. § 7104(d)(1) (The Board must include "a written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record."). Furthermore, it is the appellant, not the Board, who may unilaterally eliminate issues on appeal. 38 C.F.R. § 20.204(a) ("Only an appellant, or an appellant's authorized representative, may withdraw an appeal.").

Here, there was no bifurcation of Mr. Palmatier's claim. First, Mr. Palmatier did not himself bifurcate his appeal at any time. While Mr. Palmatier filed for TDIU in both March 2003 and December 2009, these filings were part and parcel with Mr. Palmatier's initial June 2002 filing. Second, the VA contends that because Mr. Palmatier did not appeal the Regional Office's decision in April 2011, regarding the effective date for his TDIU, his argument for an early effective date is moot. However, we conclude that the Regional Office's grant did not serve to bifurcate the appeal, but instead served simply to partially grant Mr. Palmatier's request for TDIU.

Mr. Palmatier perfected his appeal regarding TDIU. This court has made clear that when the record contains evidence of his unemployability, "'regardless of whether a

claim is specifically labeled as a claim for TDIU,' the VA is obligated to 'determine *all* potential claims raised by the evidence.'" *Comer v. Peake*, 552 F.3d 1362, 1367 (Fed. Cir. 2009) (quoting *Roberson v. Principi*, 251 F.3d 1378, 1384 (Fed. Cir. 2001)) (brackets omitted) (emphasis added). Thus, the "VA *must* consider whether a TDIU award is warranted whenever a veteran submits evidence of a medical disability and makes a claim for the highest rating possible, and additionally submits evidence of unemployability." *Id.* (internal quotation marks omitted) (emphasis added). As we concluded in *Roberson*:

> The VA must consider TDIU because, in order to develop a claim "to its optimum" as mandated by *Hodge,* the VA must determine all potential claims raised by the evidence, applying all relevant laws and regulations, regardless of whether the claim is specifically labeled as a claim for TDIU.

251 F.3d at 1384.

Here, the Mr. Palmatier placed the VA on notice on multiple occasions. Not only did he file direct requests for TDIU in March 2003 and January 2006–which themselves would be sufficient to put the VA on notice—but his July 16, 2010 appeal to the Board itself placed the VA on notice of his TDIU claim. The VA argues that the appeal did not raise the issue of TDIU; we disagree. As quoted above, Mr. Palmatier explicitly stated that he could not work because of his back injury. He further stated that his retirement was due to his back injury. These statements are sufficient to put the VA on notice that his 2002 claim included TDIU.

## III. CONCLUSION

For the reasons stated above, we reverse the Veterans Court and remand this case back to the Veterans Court with instructions for this case to be remanded to the

Board to determine Mr. Palmatier's proper extraschedu-
lar rating from June 2002 to December 2009.

### REVERSED AND REMANDED

COSTS

Costs are awarded to Mr. Palmatier.