# United States Court of Appeals for the Federal Circuit

---

**ROBERT VOLLONO,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2319

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4669, Judge William S. Greenberg.

---

Decided: March 25, 2021

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JEFFREY B. CLARK, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, CHEN, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Robert Vollono appeals a decision by the United States Court of Appeals for Veterans Claims affirming a decision by the Board of Veterans' Appeals which denied the extension of certain educational benefits to Mr. Vollono. Because we agree with the Veterans Court that Mr. Vollono is not entitled to duplicative educational benefits, we affirm.

I

Mr. Vollono served on active duty in the United States Navy from July 1996 to June 1997 and from May 2001 to March 2005. *Vollono v. Wilkie*, No. 17-4669, 2019 WL 962011, at *1 (Vet. App. Feb. 28, 2019) (*Decision*). Mr. Vollono's first stint of active duty was voluntary, while his second stint was compulsory as a condition of his attendance and graduation from the United States Naval Academy. *Id.*

In November 2005, Mr. Vollono applied for and was awarded chapter 30 Montgomery G.I. Bill (Montgomery) educational benefits, which he used to pursue post-graduate education at Georgetown University. *Id.* at *2; *see* 38 U.S.C. §§ 3001, 3011. In May 2009, the VA notified Mr. Vollono that he may be eligible for chapter 33 Post-9/11 G.I. Bill (Post-9/11) educational assistance. *Decision*, 2019 WL 962011, at *2; *see* 38 U.S.C. §§ 3301, 3311. Mr. Vollono applied for and was ultimately found eligible for Post-9/11 benefits (mistakenly, as it turns out) in a greater amount than Montgomery benefits, and he elected to receive Post-9/11 benefits in lieu of Montgomery benefits. *Decision*, 2019 WL 962011, at *2. Beginning August 1, 2009, Mr. Vollono used these Post-9/11 benefits to complete post-graduate education at Georgetown and to pursue further education at Oxford University. *Id.*

In June 2011, the Buffalo VA regional office (RO) notified Mr. Vollono that he had been erroneously awarded $60,507.08 in Post-9/11 benefits, because his service after September 11, 2001 was obligatory, precluding his eligibility for such benefits. *Id.* However, because the benefits were paid based on an administrative error, the VA did not recoup the benefits it had paid out. *Id.*

Mr. Vollono filed a Notice of Disagreement in July 2011, arguing that he was eligible for Post-9/11 benefits. *Id.* Following several appeals to the Board and remands to the RO, in April 2013 the Board affirmed the RO's decision. *See* J.A. 143–56. Mr. Vollono appealed to the Veterans Court, which ruled in May 2014 that the VA did not err in determining that Mr. Vollono was not eligible for Post-9/11 benefits but remanded to the Board on other grounds. *Decision*, 2019 WL 962011, at *2. The Veterans Court also instructed the Board to make necessary factual findings concerning Mr. Vollono's entitlement to Montgomery benefits. *Id.*

In April 2016, the Board found that Mr. Vollono did not waive entitlement to Montgomery benefits by election of Post-9/11 benefits, because he was not eligible to receive Post-9/11 benefits. *Id.*; J.A. 185. At Mr. Vollono's request, the Board vacated its decision and remanded to the RO to consider Mr. Vollono's claim for retrospective Montgomery benefits based on his education at Georgetown and Oxford. *Decision*, 2019 WL 962011, at *2; J.A. 193.

In February 2017, the RO found Mr. Vollono eligible for $29,107 in Montgomery benefits for the time spent completing his studies at Georgetown and Oxford, but found that it could not release payment of these funds that would be duplicative of his previous receipt of Post-9/11 benefits. *Decision*, 2019 WL 962011, at *2; J.A. 195–96. The RO provided a Supplemental Statement of the Case in March 2017 which reaffirmed that it could not release the funds. *Decision*, 2019 WL 962011, at *2.

Mr. Vollono appealed to the Board, arguing that the statutes and regulations that denied duplicative payments applied only to individuals that were eligible for both Montgomery and Post-9/11 benefits, and not to those who were awarded benefits by administrative error. *Id.* at \*3. The Board denied Mr. Vollono's claim, reasoning that the relevant regulation, 38 C.F.R. § 21.7143(a), and its enabling statute, 38 U.S.C. § 3033, preclude the payment of duplicative educational benefits regardless of current eligibility. *Id.*

Mr. Vollono appealed to the Veterans Court which affirmed the Board's decision in a single-judge memorandum. The Veterans Court found that the payment of benefits was the determinative factor, and that awarding Montgomery benefits to Mr. Vollono would "lead to an absurd result of placing the appellant in a better position than that of those worthy veterans who were actually eligible for Post-9/11 GI Bill benefits." *Id.* (footnote omitted). A Veterans Court panel denied reconsideration and entered judgment on the memorandum decision. J.A. 14–16. Mr. Vollono now appeals the Veterans Court decision.

II

In appeals from the Veterans Court, we have jurisdiction to review "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, we may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case" except to the extent that an appeal from a Veterans Court decision presents a constitutional issue. 38 U.S.C. § 7292(d)(2)(A)–(B). We review the Veterans Court's legal determinations de novo. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991).

## III

Mr. Vollono argues that the Veterans Court made two errors in its interpretation of 38 U.S.C. § 3033(a). First, Mr. Vollono argues that § 3033(a) bars only duplicative payments for individuals that are actually eligible for Post-9/11 educational benefits, not duplicative payments made in error. Second, Mr. Vollono argues that he has never received assistance under two programs concurrently, as required by the statute.

38 U.S.C. § 3033, entitled "Bar to duplication of educational assistance benefits" states that "[a]n individual entitled to educational assistance under a program established by this chapter [Montgomery] who is also eligible for educational assistance under a program under chapter 31, 32, 33 [Post-9/11], or 35 . . . may not receive assistance under two or more of such programs concurrently . . . " 38 U.S.C. § 3033(a)(1). The regulation implementing this statute, entitled "Nonduplication of educational assistance" provides that "[p]ayments of educational assistance shall not be duplicated" and "a veteran is barred from concurrently receiving educational assistance under 38 U.S.C. chapter 30 [Montgomery] and— . . . 38 U.S.C. chapter 33 (Post-9/11 GI Bill)." 38 C.F.R. § 21.7143(a).

The VA's error in paying Post-9/11 educational benefits to Mr. Vollono does not preclude the application of § 3033(a)'s prohibition against duplicative payments for the semesters during which he received Post-9/11 benefits. Section 3033 is not conditioned on current eligibility, but rather, as the Veterans Court correctly held, "the payment of benefits [is] the determinative factor." *Decision*, 2019 WL 962011, at *3. At the time Mr. Vollono elected to receive Post-9/11 benefits, the VA considered him eligible for both programs, and that concurrent eligibility would have prohibited him from receiving both sets of benefits at the same time. That the VA later reconsidered his

eligibility for one of the programs does not alter this conclusion. We decline to adopt Mr. Vollono's interpretation of § 3033 that would necessarily put a veteran who mistakenly received Post-9/11 educational benefits in a better position than those who were actually eligible for such benefits.

With respect to the concurrent nature of benefits, we conclude that Mr. Vollono is barred from receiving benefits from two or more educational assistance programs covering the same semesters of study. Mr. Vollono asserts that the payment of such benefits does not qualify as "receiv[ing] assistance under two or more of such programs concurrently," as stated in § 3033(a), since the actual receipt of benefits occurred at different times. *See* Appellant's Br. at 17. Regardless of when the actual benefits are paid out, educational benefits covering an overlapping period of study qualify as concurrent assistance. *See Concurrent, Black's Law Dictionary* (11th ed. 2019) ("1. Operating at the same time; covering the same matters"). And the regulation implementing § 3033(a) makes clear that concurrent benefits refers to the period of schooling. *See* 38 C.F.R. § 21.7143(b) ("The individual may choose to receive benefits under 38 U.S.C. chapter 33 at any time, but not more than once during a certified term, quarter, or semester.").

IV

We have considered Mr. Vollono's remaining arguments and find them unpersuasive. Because the Veterans Court properly interpreted the statute, we affirm.

**AFFIRMED**

COSTS

No costs.